MARTIN v SHIAWASSEE COUNTY BOARD OF COMMISSIONERS

Docket No. 54553. Submitted June 11, 1981, at Lansing.—Decided August 19, 1981.

Edna Martin brought an action against the Shiawassee County Board of Commissioners and Michigan Council 55, American Federation of State, County and Municipal Employees, AFL-CIO (AFSCME), alleging wrongful discharge from employment by the board and failure by AFSCME to provide fair representation. All parties moved for summary judgment. Shiawassee Circuit Court, Harry P. Newblatt, J., granted defendants' motions and denied plaintiff's. Plaintiff appeals. *Held:*

The trial court properly granted summary judgment for defendants. Plaintiff alleged no bad faith on the part of AFSCME, and the record reveals that the union acted in good faith. There was no liability on the part of the union, and the liability of the board was contingent on finding the union liable.

Affirmed.

1. MOTIONS AND ORDERS — SUMMARY JUDGMENT — COURT RULES.

A trial court may grant summary judgment where it determines that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law; in testing whether there is factual support for a claim, the trial court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence which is available, giving the benefit of any reasonable doubt liberally to the nonmoving party (GCR 1963, 117.2[3]).

2. LABOR RELATIONS — UNIONS — UNION MEMBERS.

A labor union has a duty to represent its members fairly; a breach of this duty occurs only where a union's conduct toward a member is arbitrary, discriminatory, or in bad faith, and a complaint alleging a breach of the duty must specify facts which support the allegation.

REFERENCES FOR POINTS IN HEADNOTES
[1] 73 Am Jur 2d, Summary Judgment §§ 26, 27.
[2, 3] 48 Am Jur 2d, Labor and Labor Relations § 398.

3. LABOR RELATIONS — UNIONS — UNION MEMBERS — ARBITRATION
   — GRIEVANCES.

An employee who can prove damages resulting from his employer's actions and that during arbitration of a grievance based on the employer's actions his union breached its duty of fair representation, tainting the decision of the arbitrator, is entitled to remedies against both the employer and the union.

*Donald E. Smith,* for plaintiff.

*Maurer, Kalls, Long & Bunn,* for defendant AFSCME.

Before: DANHOF, C.J., and M. F. CAVANAGH and D. R. FREEMAN,* JJ.

PER CURIAM. Plaintiff, Edna Martin, appeals a trial court's grant of summary judgment, GCR 1963, 117.2(3), in favor of defendants, Shiawassee County Board of Commissioners (commission) and Michigan Council 55, American Federation of State, County and Municipal Employees, AFL-CIO (AFSCME).

Martin worked for Shiawassee County's abstract office from 1964 until it was leased to Burton Abstract Company in 1973. Because Martin had only a few months left before she qualified for a pension, the commission agreed to continue her employment even though she worked for Burton. However, when Martin began to have difficulties with her Burton supervisor, the commission gave her a job in the county sheriff's office. After working for the sheriff for three weeks, she began working for the county civil defense office, where she remained until her discharge on March 1, 1974. Although she worked for the civil defense

---

* Circuit judge, sitting on the Court of Appeals by assignment.

office, she was on the sheriff's payroll. Martin was discharged when she qualified for her pension.

Martin objected to the discharge and filed a grievance through AFSCME, her union. The grievance was taken to arbitration, where a union staff member represented Martin. At the conclusion of the arbitration, Arbitrator M. David Keefe denied Martin's grievance. Martin then commenced this action, alleging wrongful discharge by the commission and failure by AFSCME to provide representation. Both defendants moved for summary judgment under GCR 1963, 117.2(1) and 117.2(3). After hearing arguments, the trial court granted summary judgment under GCR 1963, 117.2(3). Martin appeals the summary judgment order.

GCR 1963, 117.2(3) allows a trial court to grant summary judgment where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. A motion based on GCR 1963, 117.2(3) is designed to test whether there is factual support for a claim. *Partrich v Muscat,* 84 Mich App 724, 730; 270 NW2d 506 (1978). When passing upon a motion under this subrule, the court must consider the pleadings, affidavits, depositions, admissions, and other documentary evidence available to it. *Id.* The courts are liberal in finding that a genuine issue of fact does exist, and the court will give the benefit of any reasonable doubt to the opposing party. *Rizzo v Kretschmer,* 389 Mich 363, 372; 207 NW2d 316 (1973).

A labor union has a duty to represent its members fairly. *Vaca v Sipes,* 386 US 171, 177; 87 S Ct 903; 17 L Ed 2d 842 (1967), *Lowe v Hotel & Restaurant Employees Union, Local 705,* 389 Mich 123, 145; 205 NW2d 167 (1973). A breach of the duty of fair representation occurs only where a union's conduct toward a member of the collective-bargaining unit is arbitrary, discriminatory, or in

bad faith. *Vaca, supra,* 190, *Lowe, supra,* 146. The allegations in a complaint for a breach of a union's duty of fair representation must contain more than conclusionary statements alleging improper representation. *Carry v Consumers Power Co,* 64 Mich App 292, 298; 235 NW2d 765 (1975). A complaint which does not specify supporting facts showing a union's lack of good faith fails to state a valid claim. *Id.* Finally, if an employee can prove that he was erroneously discharged and that the union's breach of duty tainted the decision of the arbitrator, he is entitled to the proper remedy against his employer and his union. *Hines v Anchor Motor Freight, Inc,* 424 US 554, 572; 96 S Ct 1048; 47 L Ed 2d 231 (1976).

In this case, Martin alleges that during the arbitration proceedings AFSCME failed to introduce certain evidence and allowed the introduction of other evidence which the arbitrator should not have considered. However, Martin has failed to allege any bad faith on the part of AFSCME. Her complaint does not allege that AFSCME refused to represent her or failed to take her grievance to arbitration. While she does allege that AFSCME's representative made some errors at the arbitration proceedings, these tactical errors, if in fact they were errors, do not evidence bad faith. The union in this case processed Martin's grievance in accordance with the collective-bargaining agreement even though there was some question as to whether she belonged to the AFSCME bargaining unit. AFSCME acted in good faith, and the trial court properly granted summary judgment. Because the county's liability hinged upon AFSCME's failure to fairly represent Martin, the trial court did not err when it granted summary judgment to the county. The trial court's summary judgment order is affirmed. Appellees may tax costs.