HARRIS v AMALGAMATED TRANSIT UNION

Docket No. 58875. Submitted April 20, 1982, at Detroit.—Decided July 1, 1982.

Henry C. Harris was discharged from his position with the Department of Transportation of the City of Detroit. Harris filed a grievance against his employer pursuant to the collective-bargaining agreement. Harris was represented by his union, the Amalgamated Transit Union, at the hearing. Following the hearing, the mayor of the City of Detroit ordered that Harris be reinstated. The Department of Transportation placed Harris on probation for one year and ordered that Harris receive no back pay. Harris filed a grievance for back pay. The union dropped the grievance before a full and final resolution of the merits of the dispute. Harris filed with the Employment Relations Commission an unfair labor practice charge against the union pursuant to the provisions of the public employment relations act. A hearing officer dismissed Harris's action and the commission sustained the order of the hearing officer. Harris appealed to the Court of Appeals which, by an unpublished opinion, held that the back pay claim was meritorious and the union's failure to pursue Harris's grievance constituted an unfair labor practice, reversed the commission's determination, and remanded the matter to the commission for further proceedings. On remand, a hearing officer determined that Harris's damages were solely attributable to the failure of his employer to adhere to the requirements of the veteran's preference act, and, accordingly, the union was not liable to Harris for any damages for its unfair labor practice. The commission entered the order proposed by the hearing officer which denied Harris any damages against the union. Harris appeals. *Held:*

A union is only liable for damages attributable to its failure to properly process a grievance but is not liable for damages attributable solely to an employer's breach of contract, even if the union did breach its duty of fair representation by failing

REFERENCES FOR POINTS IN HEADNOTES
[1] 48A Am Jur 2d, Labor and Labor Relations § 1764.
[2] 48A Am Jur 2d, Labor and Labor Relations § 1764.59.
[3] 48A Am Jur 2d, Labor and Labor Relations § 1774.

to process a grievance. Since the commission's finding that Harris's damages were solely a consequence of the employer's refusal to adhere to the requirements of the veteran's preference act was supported by competent, material, and substantial evidence on the record as a whole, the denial of damages against the union was proper.

Affirmed.

1. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — NATIONAL LABOR RELATIONS ACT — JUDICIAL CONSTRUCTION.

The Michigan public employment relations act was patterned after the National Labor Relations Act; accordingly, it may be presumed that the Legislature intended the courts, in construing the Michigan act, to rely on judicial construction of the federal act as precedent (MCL 423.201 *et seq.;* MSA 17.455[1] *et seq.).*

2. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — UNION REPRESENTATION — UNFAIR LABOR PRACTICES — DAMAGES.

A union which is found to be guilty of an unfair labor practice under the Michigan public employment relations act by reason of its failure to provide fair representation by not pursuing a union member's grievance is responsible to the member only for damages directly caused by the union's failure to process the grievance but is not responsible for the member's damages attributable solely to the employer's breach of contract.

3. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — EMPLOYMENT RELATIONS COMMISSION — FINDINGS OF FACT — APPEAL.

Findings of fact made by the Michigan Employment Relations Commission pursuant to the Michigan public employment relations act are conclusive where supported by competent, material; and substantial evidence on the record as a whole (MCL 423.216[d]; MSA 17.455[16][d]).

*Ripple, Chambers & Steiner, P.C.* (by *John F. Chambers),* for plaintiff.

*Craig, Farber & Downs, P.C.* (by *Timothy Downs),* for defendant.

Amicus Curiae:

*Marston, Sachs, Nunn, Kates, Kadushin &*

*O'Hare* (by *Theodore Sachs* and *Mary Ellen Gurewitz),* for Michigan State AFL-CIO.

Before: Bronson, P.J., and D. F. Walsh and C. W. Simon, Jr.,* JJ.

Per Curiam. On December 12, 1976, plaintiff was discharged from his position with the City of Detroit, Department of Transportation (DOT). Thereafter, plaintiff filed a grievance against DOT pursuant to provisions of the collective-bargaining agreement between the DOT and defendant, plaintiff's union. Defendant represented plaintiff at the hearing. Following this hearing, plaintiff was ordered reinstated by the Mayor of the City of Detroit. The DOT placed plaintiff on one year's probation and ordered that he not receive back pay. While on probation, plaintiff filed a grievance for back pay. Defendant dropped the grievance before a full and final resolution of the merits of the dispute. Consequently, plaintiff filed an unfair labor practice charge against defendant pursuant to MCL 423.210(3); MSA 17.455(10)(3). The Michigan Employment Relations Commission (MERC) sustained an order entered by its hearing officer dismissing this action.

This Court reversed the MERC decision in *Harris v Amalgamated Transit Union, Local 26* (Docket No. 78-3262, decided January 25, 1980 [unreported]). This Court found that plaintiff's grievance seeking back pay was meritorious since MCL 35.402; MSA 4.1222 mandates that a veteran who is reinstated following dismissal receive back pay between the date of the dismissal and the order of reinstatement. This Court said:

* Circuit judge, sitting on the Court of Appeals by assignment.

"Did the union's failure to pursue the grievance through arbitration constitute an unfair labor practice? * * * [I]t is the reasonableness of the union's actions which must be examined in order to determine if the union breached its duty.

"There is no evidence on the record that the union went to its attorney for advice or in any way attempted to determine if the plaintiff had a valid grievance. It took the attitude that the plaintiff was lucky to get his job back and its officers were not interested in pursuing plaintiff's grievance.

"It is our opinion that the union's efforts on behalf of the plaintiff did not amount to 'an honest effort to find out who was right and who was wrong'. The union's failure to pursue plaintiff's grievance constituted an unfair labor practice."

Following further proceedings, MERC adopted the order proposed by its hearing officer, denying plaintiff any damages against defendant. The hearing officer stated:

"I find that PERA [public employment relations act] does not authorize imposing a back pay remedy against a union where the damage was not due to the employer's breach of contract but rather the employer's abuse of discretion under the Veteran's Preference Act, * * * and no increased damages resulted from the alleged unfair labor practice by the union."

From this determination, plaintiff appeals as of right.

The Michigan public employment relations act (PERA), MCL 423.201 *et seq.;* MSA 17.455(1) *et seq.,* was patterned after the National Labor Relations Act (NLRA), 29 USC 151 *et seq.* As such, it may be presumed that the Legislature intended the courts, in construing PERA, to rely on federal precedent developed under the NLRA. *Detroit Police Officers Ass'n v Detroit,* 391 Mich 44, 53; 214

NW2d 803 (1974); *Regents of University of Michigan v Michigan Employment Relations Comm,* 95 Mich App 482, 489; 291 NW2d 358 (1980), *lv den* 409 Mich 918 (1980).

The leading case on how damages should be assessed against a union which breaches its duty of fair representation is *Vaca v Sipes,* 386 US 171; 87 S Ct 903; 17 L Ed 2d 842 (1967). There, the United States Supreme Court held that a union is not responsible for a member's damages attributable solely to an employer's breach of contract even if the union did breach its duty of fair representation by refusing to process a grievance. Rather, only damages directly caused by the union's failure to process the grievance are properly attributable to the union. 386 US 196-198. See, also, *Czosek v O'Mara,* 397 US 25, 29; 90 S Ct 770; 25 L Ed 2d 21 (1970).

MERC concluded that plaintiff's damages were solely a consequence of DOT's refusal to adhere to the requirements of the veteran's preference act. In our opinion, this finding is supported by competent, material, and substantial evidence on the record as a whole. MCL 423.216(d); MSA 17.455(16)(d).

Affirmed. No costs, a public question being involved.