PROFITT v WAYNE-WESTLAND COMMUNITY SCHOOLS

Docket No. 68043. Submitted January 18, 1984, at Detroit.—Decided
    February 5, 1985. Leave to appeal applied for.
    Plaintiff, Ophelia Profitt, was a tenured teacher who was laid off
        by her employer, the Wayne-Westland Community Schools. She
        brought an action in Wayne Circuit Court against the Board of
        Education of the Wayne-Westland Community Schools alleging
        a violation of the seniority provisions of the collective-bargain-
        ing agreement between the board and the Wayne-Westland
        Education Association (WWEA), against WWEA for failure to
        provide fair representation by failing to file a grievance on her
        behalf, against the Michigan Education Association-National
        Education Association for failure to provide fair representation,
        and against Robert S. Kowalczyk, WWEA's executive director,
        for failure to assert her grievance. The trial court, Henry J.
        Szymanski, J., granted accelerated judgment to the defendants,
        holding that plaintiff's claims were within the exclusive juris-
        diction of the Michigan Employment Relations Commission.
        Plaintiff appealed. *Held:*
    Plaintiff's claims of failure to provide fair representation are
        allegations of unfair labor practices within the meaning of the
        public employment relations act. Such claims are within the
        exclusive jurisdiction of MERC, notwithstanding the underlying
        common law breach of contract claims against the employer
        and the union executive. The trial court properly granted
        accelerated judgment.
    Affirmed.
    BRONSON, J., dissented for the reasons he set forth in *Dem-
        ings v City of Ecorse,* 127 Mich App 608 (1983), which held that
        MERC's jurisdiction of a claim asserting a breach of a collec-
        tive-bargaining agreement is not exclusive.

OPINION OF THE COURT

REFERENCES FOR POINTS IN HEADNOTES
[1-3] 48 Am Jur 2d, Labor and Labor Relations § 401.
    48A Am Jur 2d, Labor and Labor Relations § 1769.
    What constitutes unfair labor practice under state public employee
    relations acts. 9 ALR4th 20.

1. LABOR RELATIONS — PUBLIC EMPLOYEES — FAIR REPRESENTATION —
   UNFAIR LABOR PRACTICES.

   A collective-bargaining representative's breach of the duty of fair
   representation, such as a wrongful failure to pursue a mem-
   ber's grievance, is an unfair labor practice under the public
   employment relations act (MCL 423.210[3]; MSA 17.455[10][3]).

2. LABOR RELATIONS — PUBLIC EMPLOYEES — JURISDICTION — FAIR
   REPRESENTATION — BREACH OF CONTRACT.

   A public employee's claim of a breach of the duty of fair repre-
   sentation by the employee's collective-bargaining representative
   as an unfair labor practice is within the exclusive jurisdiction
   of the Michigan Employment Relations Commission; the fact
   that the unfair labor practice charge involves an underlying
   common law breach of contract claim does not preclude vesting
   exclusive jurisdiction of the charge with the commission.

DISSENT BY BRONSON, J.

3. LABOR RELATIONS — PUBLIC EMPLOYEES — JURISDICTION — FAIR
   REPRESENTATION — BREACH OF CONTRACT.

   *The jurisdiction of the Michigan Employment Relations Commis-
   sion over a public employee's claim of unfair representation,
   alleging a breach of the collective-bargaining agreement, is not
   exclusive.*

*Parker, McAra, George, Williams, Parker, Haldy
& McCabe (by Kendall B. Williams),* for plaintiff.

*Slatkin & Gabrian (by Stewart Slatkin & Dennis
L. Gabrian),* for Wayne-Westland Community
Schools Board of Education.

*Hiller, Larky & Hoekenga (by Daniel J. Hoek-
enga),* for the Wayne-Westland Education Associa-
tion, MEA-NEA, and Robert S. Kowalczyk.

Before: SHEPHERD, P.J., and BRONSON and M.
WARSHAWSKY,* JJ.

PER CURIAM. Plaintiff was a tenured teacher
employed by defendant Wayne-Westland Commu-

---

* Circuit judge, sitting on the Court of Appeals by Assignment.

nity Schools. Defendant Wayne-Westland Education Association (WWEA) is the exclusive bargaining representative for the teachers. Plaintiff was laid off from her teaching position at the end of the 1979-1980 school year. During the summer of 1980 she allegedly contacted defendant Robert S. Kowalczyk, executive director of defendant WWEA, to advise him that she believed the layoff violated the seniority provisions of the collective-bargaining agreement between the school district and the WWEA. Plaintiff worked as a half-time school teacher with the school district from March 16, 1981, until the end of the 1980-81 school year, when she was laid off from that position.

Plaintiff filed this action in the circuit court alleging breach of the collective-bargaining agreement against the school district, and breach of the duty of fair representation against the unions. Plaintiff's claims may be summarized as follows: (1) against the school district, she alleges that the layoff violated the seniority provisions of the collective-bargaining agreement; (2) against the WWEA, she alleges that the union failed to provide fair representation because it failed to file a grievance against the school district despite plaintiff's frequent requests; (3) against defendant Michigan Education Association-National Education Association (MEA-NEA), she alleges that the parent labor organization failed to provide fair representation after she informed it of defendant WWEA's refusal to file a grievance; and (4) against defendant Kowalczyk, she alleges that defendant failed to properly investigate and assert her grievance and that he made intentional misrepresentations which resulted in the loss of her rights under the collective-bargaining agreement.

The trial court granted defendants' motion for accelerated judgment, finding that plaintiff's

claims were within the "primary, if not exclusive" jurisdiction of the Michigan Employment Relations Commission. The sole issue on appeal is whether the circuit court had jurisdiction to decide plaintiff's claims or whether jurisdiction resides exclusively in MERC.

Labor relations concerning public employees are governed by the public employment relations act, MCL 423.201 *et seq.;* MSA 17.455(1) *et seq.* The Supreme Court has consistently construed the PERA as the dominant law regulating public employee labor relations. *Rockwell v Crestwood School Dist Bd of Ed,* 393 Mich 616, 629; 227 NW2d 736 (1975). Section 11 of the act provides that the bargaining representative for a particular unit of public employees shall be the exclusive representative of all the public employees in that unit. In this case, defendant WWEA is the exclusive bargaining representative of the teachers. The union's status as exclusive representative gives rise to a duty to represent its members fairly. *Bebensee v Ross Pierce Electric, Inc,* 400 Mich 233, 244-245; 253 NW2d 633 (1977), *Martin v Shiawassee County Bd of Comm'rs,* 109 Mich App 32, 34; 310 NW2d 896 (1981). Section 10 of the act, MCL 423.210; MSA 17.455(10), designates certain practices as unfair labor practices. Section 10(3) makes it unlawful for a union to restrain or coerce a public employee in the exercise of his right to organize and engage in concerted activity.[1] A bargaining representative's breach of the duty of fair

---

[1] MCL 423.210(3); MSA 17.455(10)(3), states in part:

"It shall be unlawful for a labor organization or its agents (a) to restrain or coerce: (i) public employees in the exercise of the rights guaranteed in section 9: * * *."

Section 9, MCL 423.209; MSA 17.455(9), provides:

"It shall be lawful for public employees to organize together or to form, join or assist in labor organizations, to engage in lawful concerted activities for the purpose of collective negotiation or bargaining or other mutual aid and protection, or to negotiate or bargain

representation, such as a wrongful failure to pursue a member's grievance, is an unfair labor practice under § 10(3). See *Demings v City of Ecorse,* 127 Mich App 608, 617-618; 339 NW2d 498 (1983), *lv gtd* 419 Mich 942 (1984), *Harris v Amalgamated Transit Union,* 122 Mich App 706; 333 NW2d 1 (1982). It is also considered an unfair labor practice under the National Labor Relations Act, 29 USC 159, because it may result in employees' unwillingness to participate in the union, thereby restraining their right to engage in protected concerted activity. *Local Union No 12, United Rubber, Cork, Linoleum & Plastic Workers of America, AFL-CIO v NLRB,* 368 F2d 12 (CA 5, 1966), *cert den* 389 US 837; 88 S Ct 53; 19 L Ed 2d 99 (1967), *Demings, supra.*

Section 16 of PERA, MCL 423.216; MSA 17.455(16), provides that "[v]iolations of the provisions of section 10 shall be deemed to be unfair labor practices *remediable by the commission* * * *". (Emphasis supplied.) In several decisions not involving fair representation claims, the Supreme Court has held that MERC has exclusive jurisdiction over unfair labor practice charges. In *Lamphere Schools v Lamphere Federation of Teachers,* 400 Mich 104, 118; 252 NW2d 818 (1977), the Supreme Court stated:

"The jurisdiction and authority of MERC to determine unfair labor practices were held by this Court to be *exclusive.* In *Rockwell, supra,* 630, this Court unequivocally stated:

" 'MERC *alone* has jurisdiction and administrative expertise to entertain and reconcile competing allegations of unfair labor practices and misconduct under the PERA.' (Emphasis added.)

collectively with their public employers through representatives of their own free choice."

"The exclusive jurisdiction of MERC to determine unfair labor practice charges also has been acknowledged by this Court in *Labor Mediation Board v Jackson County Road Comm'rs,* 365 Mich 645; 114 NW2d 183 (1962)."

The *Lamphere* decision involved a civil tort action brought by a school district against a teacher's union seeking damages caused by the teachers' peaceable strike which violated the provisions of PERA. The Court found that permitting the school district to pursue civil tort remedies in that case would circumvent MERC's authority to determine charges of unfair labor practices. The *Lamphere* Court stated:

"Ignoring for the moment the other policy ramifications of reinvolving the circuit courts in the public labor relations sector (see part V), the jurisdiction of MERC would be seriously eroded. The circuit courts would be forced to make the same unfair labor practice determinations as to the federations heretofore exclusively reserved to MERC. The unpleasant specter of the courts and MERC sharing this authority, combined with the very real possibility of conflicting decisions, could only further confuse labor relations in the public sector." 400 Mich 119.

See also *Detroit Bd of Ed v Parks,* 417 Mich 268, 283; 335 NW2d 641 (1983).

Although one panel of this Court, *Demings, supra,* has reached the opposite conclusion, it is our opinion that the Supreme Court authority cited above requires a finding that a claim of breach of the duty of fair representation is within the exclusive jurisdiction of MERC.

The Court in *Demings* held that circuit courts have concurrent jurisdiction with MERC over fair representation claims which are brought in con-

junction with allegations of breach of a collective-bargaining agreement. The Court found that a fair representation claim is a special type of action involving not only rights granted by PERA, but also common-law rights arising out of the law of contract. It noted that a statutory remedy for a common-law right is normally cumulative, not exclusive. The *Demings* panel further found that the policy considerations present in *Lamphere* were not applicable to fair representation claims brought by public employees. 127 Mich App 621-622.

We do not agree with the *Demings* panel's attempt to narrow or distinguish the broad rule laid down in *Rockwell* and *Lamphere.* While it is true that a fair representation claim coupled with a claim that the employer breached the collective-bargaining agreement involves common-law rights as well as rights granted under PERA, we emphasize that plaintiff's claim in this case, failure of the unions to pursue a grievance and enforce contractual provisions, is an unfair labor practice squarely within § 10(3) of PERA. We find nothing in the act indicating a legislative intent to treat different categories of unfair labor practices differently for purposes of determining jurisdiction. In our opinion, the fact that an unfair labor practice charge involves an underlying breach of contract claim provides no reason to abandon the established principle that jurisdiction resides exclusively in MERC. We further disagree with the *Demings* panel's finding that the public policy reasons underpinning *Lamphere* are inapplicable to fair representation claims.

In *Goolsby v Detroit,* 419 Mich 651; 358 NW2d 856 (1984), the Supreme Court considered whether a union's unexplained failure to process a member's grievance constitutes a breach of the union's

duty of fair representation. The Court stated the
following at footnote 6, p 665:

"In this state, a person claiming that a labor organi-
zation has breached its duty of fair representation can
institute an administrative or a judicial proceeding, the
former by filing an unfair labor practice charge with
the NLRB or the MERC, the latter by filing a complaint
with a federal district or state circuit court. In either
context, sufficient facts regarding the alleged breach
must be presented to withstand a motion for summary
judgment, pursuant to GCR 1963, 117.2, subds (1) or (3),
or its administrative equivalent."

Since the issue of jurisdiction over fair represen-
tation claims was not before the Court, the refer-
ence to state circuit courts is clearly dictum. More-
over, leave to appeal was granted in *Demings,*
*supra,* to decide, *inter alia,* "whether the Court of
Appeals erred in holding that the Michigan Em-
ployment Relations Commission does not have
exclusive jurisdiction over fair representation
claims where breach of a collective-bargaining
agreement is pled against the employer". 419 Mich
942. In view of the order granting leave in *Dem-*
*ings,* we doubt that the *Goolsby* footnote was in-
tended as a definitive ruling on the exclusive
jurisdiction issue.

We conclude that MERC has exclusive jurisdic-
tion to decide plaintiff's fair representation claims
and the concomitant claims against the school
district and defendant Kowalczyk.

Affirmed.

BRONSON, J. *(dissenting).* For the reasons I set
forth in *Demings v City of Ecorse,* 127 Mich App
608; 339 NW2d 498 (1983), I dissent from the
Court's opinion.