LEIDER v FITZGERALD EDUCATION ASSOCIATION

Docket No. 95376. Submitted December 3, 1987, at Detroit. Decided March 9, 1988. Leave to appeal applied for.

Audrey Leider, a school teacher whose employer was the Fitzgerald Board of Education and whose labor union was the Fitzgerald Education Association, brought an action in Macomb Circuit Court against the board of education, the education association, and several individuals. Plaintiff alleged that her layoff was in violation of the terms of the collective bargaining agreement and that defendant union had breached its duty of fair representation. The trial court, John G. Roskopp, J., granted accelerated judgment in favor of defendants, ruling that the matters complained of in plaintiff's complaint were within the exclusive jurisdiction of the Michigan Employment Relations Commission. The Court of Appeals, in an unpublished opinion per curiam decided on September 10, 1984 (Docket No. 70749), reversed and remanded, holding that the MERC did not have exclusive jurisdiction in fair representation cases and that plaintiff did not have to exhaust her remedies with the MERC before filing a fair representation suit in the trial court. Defendants were denied leave to appeal to the Supreme Court, 424 Mich 897 (1986). On remand, the trial court granted summary disposition in favor of defendants, ruling that plaintiff's complaint was barred by the six-month period of limitation provided by the public employment relations act (PERA). Motions by plaintiff for a reconsideration and to amend the judgment were denied by the trial court. Plaintiff appealed.

The Court of Appeals *held:*

1. Under the PERA, a labor union's breach of its duty of fair representation may serve as a basis for an unfair labor practice claim by a member of the union.

2. Unfair labor practice claims under the PERA are subject to a six-month period of limitation.

3. The trial court did not err in ruling that the six-month

REFERENCES

Am Jur 2d, Labor and Labor Relations §§ 1764-1775.

Rights of state and municipal public employees in grievance proceedings. 46 ALR4th 912.

What constitutes unfair labor practice under state public employee relations acts. 9 ALR4th 20.

period of limitation had expired by the time plaintiff filed her complaint.

4. Plaintiff's motion for a reconsideration, having not been filed within seven days after entry of the trial court's order granting summary disposition in defendants' favor, was properly denied by the trial court as not timely pursuant to MCR 2.119(F)(1).

5. Plaintiff's motion to amend the judgment, having not been filed within twenty-one days of the entry of the judgment in favor of defendants, was properly denied by the trial court as not timely pursuant to MCR 2.611(B).

Affirmed.

1. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — UN-FAIR LABOR PRACTICES — DUTY OF FAIR REPRESENTATION.

A labor union's breach of its duty of fair representation may, under the public employment relations act, serve as a basis for an unfair labor practice claim by a member of the union (MCL 423.210[3]; MSA 17.455[10][3]).

2. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — UN-FAIR LABOR PRACTICES — LIMITATION OF ACTIONS.

A six-month period of limitation applies to claims of unfair labor practice under the public employment relations act (MCL 423.216[a]; MSA 17.455[16][a]).

*Gary A. Colbert,* for plaintiff.

*Hiller, Larky & Hoekenga* (by *Gregory J. Bator*), for defendants Fitzgerald Education Association, John Bryant, John Moritz, Richard Goodman, Annabelle Zinser, Philip Meyette and Geraldine Barclay.

*Plunkett, Cooney, Rutt, Watters, Stanczyk & Pedersen* (by *Ernest R. Bazzana* and *James G. Loumos*), for defendants Fitzgerald Board of Education, Kenneth K. Kistner and Anthony S. Galati.

Before: J. B. Sullivan, P.J., and Cynar and R. J. Taylor,* JJ.

Per Curiam. Plaintiff appeals as of right from a July 24, 1986, order granting summary disposition in favor of defendants on the basis that plaintiff's claims for breach of her employment contract and breach of her union's duty of fair representation were barred by the six-month statute of limitation found in the public employment relations act, MCL 423.216(a); MSA 17.455(16)(a). Plaintiff also appeals from a September 12, 1986, order which denied her motion for leave to amend the judgment or for reconsideration. We affirm.

Plaintiff, Audrey Leider, was a schoolteacher in defendant school district and a member of defendant teachers' union, Fitzgerald Education Association. On November 9, 1982, plaintiff filed a complaint alleging inter alia that she was wrongfully laid off by the school district and the teachers' union failed to properly represent her.

Regarding her wrongful layoff claim, plaintiff alleged that, pursuant to the collective bargaining agreement which had been ratified by the membership, its terms could only be changed or amended after further ratification by the membership. Plaintiff contended that the agreement provided that teachers had to be notified of layoffs by May of each year. She alleged that the union and school board wrongfully agreed to change the express date to a later date without first obtaining ratification from the membership and that, when she was subsequently laid off, she suffered damages by this unauthorized amendment to the collective bargaining agreement. In addition, she alleged that the union was bound to process a grievance on her behalf concerning what she described

---

* Circuit judge, sitting on the Court of Appeals by assignment.

as the breach of contract on the part of the union and the board of education.

On January 6, 1983, defendants moved for accelerated judgment under GCR 1963, 116. In their motion, defendants alleged that the matters complained of in plaintiff's complaint were within the exclusive jurisdiction of the Michigan Employment Relations Commission, and that plaintiff had not exhausted her administrative remedies. The trial court agreed with defendants. Plaintiff appealed that decision. This Court reversed the trial court, relying on *Demings v City of Ecorse,* 127 Mich App 608; 339 NW2d 498 (1983), and held that plaintiff did not have to exhaust her MERC remedies before filing a fair representation suit in court, and that the MERC did not have exclusive jurisdiction in fair representation cases. *Leider v Fitzgerald Ed Ass'n,* unpublished opinion per curiam of the Court of Appeals, decided September 10, 1984 (Docket No. 70749).

Defendants filed an application for leave to appeal this Court's September 10, 1984, decision to the Supreme Court on October 1, 1984. In the interim, the Supreme Court granted leave to appeal in *Demings* to decide whether the MERC has exclusive jurisdiction over fair representation claims. 419 Mich 942 (1984).

Pending the outcome of *Demings,* the Supreme Court held in abeyance defendants' application for leave to appeal in *Leider.*

The Supreme Court decided *Demings* on November 7, 1985, and held that the MERC does not have exclusive jurisdiction of fair representation claims arising under PERA. *Demings v City of Ecorse,* 423 Mich 49, 68; 377 NW2d 275 (1985).

On March 18, 1986, the Supreme Court denied defendants' application for leave to appeal. 424 Mich 897 (1986). This case was then remanded to

the circuit court for trial in accordance with this Court's September 10, 1984, opinion.

Subsequently, on April 4, 1986, defendants moved for summary disposition under MCR 2.116(C)(7), alleging inter alia that plaintiff's complaint, filed on November 9, 1982, is barred by the six-month statute of limitation in PERA.

In a July 24, 1986, opinion and order, the trial court granted defendants summary disposition. The trial judge ruled that plaintiff was a public employee subject to the six-month statutory period prescribed in PERA, MCL 423.216(a); MSA 17.455(16)(a).

On August 8, 1986, plaintiff filed a motion for reconsideration. Subsequently, on August 25, 1986, plaintiff filed an amended motion for reconsideration and to amend the judgment. On September 12, 1986, the trial court denied both of plaintiff's motions. Plaintiff appealed from the July 24, 1986, order granting summary disposition in favor of defendants and the September 24, 1986, order denying her motions. Defendants moved in this Court to dismiss plaintiff's appeal on the basis that her motion to amend was untimely under MCR 2.119(F) and MCR 2.611(B). This Court denied defendants' motion.

The first issue for our determination is whether the six-month statute of limitation as found in PERA, MCL 423.216(a); MSA 17.455(16)(a), applies to a claim for breach of a union's duty of fair representation. MCL 423.216; MSA 17.455(16) provides in part:

Violations of the provisions of section 10 shall be deemed to be unfair labor practices remediable by the commission in the following manner:

(a) Whenever it is charged that any person has engaged in or is engaging in any such unfair labor

practice, the commission, or any agent designated by the commission for such purposes, may issue and cause to be served upon the person a complaint stating the charges in that respect, and containing a notice of hearing before the commission or a commissioner thereof, or before a designated agent, at a place therein fixed, not less than 5 days after the serving of the complaint. No complaint shall issue based upon any unfair labor practice occurring more than 6 months prior to the filing of the charge with the commission and the service of a copy thereof upon the person against whom the charge is made . . . .

Initially, we must decide whether a breach of a union's duty of fair representation constitutes an unfair labor practice within the meaning of the foregoing provision of the PERA. Section 10 of the act, MCL 423.210; MSA 17.455(10), designates certain practices as unfair labor practices. Section 10(3) makes it unlawful for a union to restrain or coerce a public employee in the exercise of his right to organize and engage in concerted activity.[1] A bargaining representative's breach of the duty of fair representation, such as a wrongful failure to pursue a member's grievance, is an unfair labor practice under § 10(3). See *Profitt v Wayne-Westland Community Schools*, 140 Mich App 499; 364

---

[1] MCL 423.210(3); MSA 17.455(10)(3), states in part:

It shall be unlawful for a labor organization or its agents (a) to restrain or coerce: (i) public employees in the exercise of the rights guaranteed in section 9: . . . .

Section 9, MCL 423.209; MSA 17.455(9), provides:

It shall be lawful for public employees to organize together or to form, join or assist in labor organizations, to engage in lawful concerted activities for the purpose of collective negotiation or bargaining or other mutual aid and protection, or to negotiate or bargain collectively with their public employers through representatives of their own free choice.

NW2d 359 (1985), vacated on other grounds 424 Mich 868 (1986); *Demings v City of Ecorse,* 127 Mich App 608, 617-618; 339 NW2d 498 (1983), aff'd 423 Mich 49; 377 NW2d 275 (1985); *Harris v Amalgamated Transit Union,* 122 Mich App 706; 333 NW2d 1 (1982). It is also considered an unfair labor practice under the National Labor Relations Act, 29 USC 159, because it may result in employees' unwillingness to participate in the union, thereby restraining their right to engage in protected concerted activity. *Local Union No 12, United Rubber, Cork, Linoleum & Plastic Workers of America, AFL-CIO v National Labor Relations Bd,* 368 F2d 12 (CA 5, 1966), cert den 389 US 837; 88 S Ct 53; 19 L Ed 2d 99 (1967).

Under the statute, unfair labor practice claims are subject to the six-month statute of limitation period. MCL 423.216(a); MSA 17.455(16)(a). Because a breach of the duty of fair representation constitutes an unfair labor practice, *Profitt, supra; Demings, supra;* and *Harris, supra,* the six-month period governs the instant complaint even though plaintiff attempts to argue for a three-year statutory limitation period on the basis that she is alleging a "common-law" breach of the duty of fair representation. Such arguments have been rejected by other panels of this Court. See *Carlson v North Dearborn Heights Bd of Ed,* 157 Mich App 653, 662-663; 403 NW2d 598 (1987), and *Ray v Organization of School Administrators & Supervisors, Local 28, AFL-CIO,* 141 Mich App 708, 710-711; 367 NW2d 438 (1985).

In the trial court's opinion and order granting summary disposition in favor of defendants, the court determined that the internal grievance procedure continued until May 18, 1982. The statute was tolled until that time. Plaintiff's complaint, filed on November 23, 1982, was thus untimely

since the six-month limitation period had already expired.

Plaintiff's second claim on appeal deals with whether the trial judge erred in ruling that plaintiff delayed past the seven days within which a motion for reconsideration is required to be filed under MCR 2.119(F), and that she also delayed beyond the twenty-one days within which a motion to amend a judgment is required to be filed pursuant to MCR 2.611(B). We conclude that no error occurred in the trial court's rulings on both of these claims.

MCR 2.119(F)(1) provides:

> Any motion for rehearing or reconsideration of the decision on a motion must be served and filed not later than 7 days after entry of the order disposing of the motion.

On July 29, 1986, the trial court filed its opinion and order of July 24, 1986, granting summary disposition in favor or defendants. Plaintiff's motion for reconsideration was filed on August 8, 1986. Plaintiff's motion was untimely under MCR 2.119(F)(1) since it was filed later than seven days after entry of the trial court's opinion and order. Thus, the trial court correctly denied plaintiff's motion for reconsideration on the basis of untimeliness.

MCR 2.611(B) requires a motion to amend a judgment to be filed and served within twenty-one days after entry of the judgment. In this case, plaintiff moved to amend the judgment on August 22, 1986. Plaintiff delayed some twenty-nine days after the entry of the court's July 24, 1986, opinion and order. Thus, her motion was untimely and the trial court correctly denied it.

Affirmed.