[No. 28913-3-III. Division Three. March 3, 2011.]

ROSSI IMPERATO, *Appellant*, v. WENATCHEE VALLEY COLLEGE ET AL., *Respondents*.

*Steven C. Lacy* and *Stewart R. Smith* (of *Lacy & Kane PS*), for appellant.

*Robert M. McKenna, Attorney General,* and *Patricia A. Thompson, Assistant,* and *Lawrence R. Schwerin* (of *Schwerin Campbell Barnard Iglitzin & Lavitt LLP*), for respondents.

¶1 KULIK, C.J. — A party may file an unfair labor practice claim with the Public Employment Relations Commission (PERC) or in superior court. *City of Yakima v. Int'l Ass'n of Fire Fighters,* 117 Wn.2d 655, 674-75, 818

P.2d 1076 (1991). Under RCW 41.56.160(1) and RCW 41.80.120(1), "a complaint shall not be processed for any unfair labor practice occurring more than six months before the filing of the complaint with the commission." However, the statutes are silent as to what statute of limitations applies when an unfair labor practice claim is filed directly in superior court.

¶2 In 2008, Rossi Imperato filed an action in superior court, alleging breach of contract against his former employer, Wenatchee Valley College (WVC) and breach of the duty of fair representation against his former union, Washington Public Employees Association (WPEA). The trial court granted summary judgment in favor of WVC and WPEA, concluding that Mr. Imperato's action was an unfair labor practice claim and that public policy required the application of the six-month statute of limitations contained in RCW 41.56.160(1) and RCW 41.80.120(1). We agree that the applicable statute of limitations for breach of contract and breach of the duty of fair representation claim is six months. We, therefore, affirm summary judgment in favor of WVC and WPEA.

## FACTS

¶3 In 2002, WVC hired Mr. Imperato as a custodian. Mr. Imperato was covered by the collective bargaining agreement (CBA) and represented by the WPEA. In 2005, Mr. Imperato was promoted to a supervisory position that was not covered by WPEA or the CBA.

¶4 When Mr. Imperato worked as a supervisor, he had conflicts with two of his co-workers. In August 2007, Mr. Imperato was demoted back to custodian. To minimize any conflicts that might arise because of the demotion, Mr. Imperato was assigned a work schedule different from that of the two co-workers. Mr. Imperato was again represented by the WPEA.

¶5 In December, WVC proposed a schedule change that would have assigned Mr. Imperato to the same shift as the two co-workers he had had problems with earlier. Mr.

Imperato complained to his supervisor and to his WPEA representative, Linda Fryant. Mr. Imperato also asked WPEA to file a grievance on his behalf. During a telephone conversation with Ms. Fryant, Mr. Imperato threatened to assault one co-worker and made disparaging remarks about another co-worker. As a result, Ms. Fryant spoke to the facilities and operations director at WVC. Ms. Fryant also sent an e-mail to WVC expressing her concern about co-workers' safety and the safety of other union members.

¶6  WVC began an investigation of the incidents. During the investigation, Mr. Imperato was represented by a local WPEA representative. On February 1, 2008, when the investigation was complete, WVC issued a disciplinary letter terminating Mr. Imperato's employment, effective February 19. Mr. Imperato asked WPEA to file a grievance over his discharge. After considering the merits of the claim, WPEA declined to file a grievance. WPEA notified Mr. Imperato of its decision on February 25.

¶7  Mr. Imperato filed this action on October 14, 2008—7 months and 24 days after his discharge. He alleged two causes of action in his complaint: breach of contract by WVC and breach of the duty of fair representation by WPEA. Mr. Imperato requested damages under both theories.

¶8  WVC and WPEA moved for summary judgment, arguing that Mr. Imperato's claims had not been filed within the applicable statute of limitations. The trial court granted summary judgment, concluding that the appropriate statute of limitations was the six-month statute of limitations found in RCW 41.56.160(1) and RCW 41.80.120(1). The court also determined that the period of limitation was not tolled under RCW 4.92.100 and RCW 4.92.110. The court concluded that Mr. Imperato did not comply with the applicable statute of limitations. Mr. Imperato appeals.

## ANALYSIS

¶9  Summary judgment is granted where there are no genuine issues of material fact and the moving party is

entitled to judgment as a matter of law. CR 56(c). An appellate court conducts a de novo review of a summary judgment motion, engaging in the same review as the trial court. *Ski Acres, Inc. v. Kittitas County*, 118 Wn.2d 852, 854, 827 P.2d 1000 (1992). All reasonable inferences are made in favor of the nonmoving party. *Korslund v. DynCorp Tri-Cities Servs., Inc.*, 156 Wn.2d 168, 177, 125 P.3d 119 (2005). Summary judgment is proper when a reasonable person could come to only one conclusion based on the evidence. *Id.*

■ ¶10 The applicable statute of limitations is an issue of law and is a proper subject for summary judgment. *Harris v. Alumax Mill Prods., Inc.*, 897 F.2d 400, 403 (9th Cir. 1990). Here, the essential facts are not disputed.

■ ¶11 *Nature of the Claim.* Mr. Imperato filed a claim for breach of contract against WVC and a claim for breach of the duty of fair representation against WPEA. This type of claim—breach of contract claim against an employer and breach of fair representation (DFR) against a union—is "inextricably interdependent" and forms a hybrid claim. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164-65, 103 S. Ct. 2281, 76 L. Ed. 2d 476 (1983).

> "To prevail against either the company or the Union, . . . [employee-plaintiffs] must not only show that their discharge was contrary to the contract but must also carry the burden of demonstrating a breach of duty by the Union." The employee may, if he chooses, sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both.

*Id.* at 165 (alterations in original) (citation and internal quotation marks omitted) (quoting *United Parcel Serv., Inc. v. Mitchell*, 451 U.S. 56, 67, 101 S. Ct. 1559, 67 L. Ed. 2d 732 (1981)).

¶12 *DelCostello*, which applied the Labor Management Relations Act of 1947, 29 U.S.C. §§ 141-144, 171-178, did not determine whether this hybrid claim was an unfair labor practice, but the court noted that "the family resemblance is undeniable." *Id.* at 170. In *Fowlkes v. International Broth-*

*erhood of Electrical Workers, Local No. 76*, 58 Wn. App. 759, 795 P.2d 137 (1990), a union member filed an action against his union for alleged discriminatory job referral practices under federal law under the National Labor Relations Act, 29 U.S.C. §§ 151-169. He argued that his claim was a common law action sounding in tort or contract. *Fowlkes*, 58 Wn. App. at 767. The court concluded that a breach of contract and breach of the duty of fair representation was an unfair labor practice. *Id.* at 766. In *Fowlkes*, the court applied *DelCostello*, determining that the essence of the complaint was "so closely related to fair representation claims that the federal limitations statute [six months] should be applied." *Id.* at 769. However, ultimately the court could not apply the six-month statute because Mr. Fowlkes's cause of action had accrued before *DelCostello* was decided. *Id.* at 771.

¶13 *DelCostello* considered the federal six-month statute of limitations to an action brought under the federal labor law. Mr. Imperato brought his claim under Washington law.

¶14 In *Allen v. Seattle Police Officers' Guild*, 100 Wn.2d 361, 371-72, 670 P.2d 246 (1983), the Washington Supreme Court interpreted the language of RCW 41.56.080 to impose a duty of fair representation on unions certified under that provision. RCW 41.56.080 provides that PERC is authorized to certify the bargaining unit representing the majority of the employees in the unit as the bargaining representative. *Id.* at 372. In Washington, unions are required to " 'represent . . . all the public employees within the unit without regard to membership' " and a duty of fair representation is imposed upon unions. *Allen,* 100 Wn.2d at 371 (quoting RCW 41.56.080). "In the context of grievance processing, the duty of fair representation prohibits a union from ignoring a meritorious grievance or processing a grievance in a perfunctory manner." *Muir v. Council 2 Wash. State Council of County & City Emps., Local 1849,* 154 Wn. App. 528, 531, 225 P.3d 1024 (2009), *review denied,* 169 Wn.2d 1008 (2010).

¶15 We conclude, after examining the case law, that DFR claims should be treated as unfair labor claims under Washington law.

¶16 Mr. Imperato argues that a DFR is not an unfair abor practice because it is not listed in RCW 41.56.150 and RCW 41.80.110. This argument fails. In *Allen*, the Washington Supreme Court stated that the duty of fair representation applies to unions under RCW 41.56.080. Here, WPEA is a certified bargaining representative under RCW 41.56.080.

¶17 Relying on cases from other jurisdictions, Mr. Imperato argues that a DFR claim is a tort, not an unfair labor practice claim. But Washington courts have commented on the close relationship between DFR claims and unfair labor practice claims. Moreover, "[u]nfair labor practice claims under chapter 41.56 RCW are not tort claims for damages and are thus not subject to the claims filing statute." *Wright v. Terrell*, 162 Wn.2d 192, 196, 170 P.3d 570 (2007). Contrary to Mr. Imperato's assertions, under Washington law, a DFR claim is an unfair labor practice claim, not a tort claim, and should not be treated as a tort claim.

¶18 Simply stated, Mr. Imperato's claim for breach of contract and breach of the duty of fair representation is an unfair labor practice claim.

¶19 *Statute of Limitations.* A statute of limitations is a creature of statute created to protect individuals and courts from stale claims. *Burns v. McClinton*, 135 Wn. App. 285, 293, 143 P.3d 630 (2006). The Washington legislature has adopted statutes of limitations for numerous causes of action. Generally, breach of contract claims are subject to a six-year statute of limitations. RCW 4.16.040(1). Tort claims are subject to a three-year statute of limitations. RCW 4.16.080. The catchall provision provides a two-year statute of limitations for those claims not referenced elsewhere. RCW 4.16.130.

¶20 Unfair labor practice claims are addressed by a six-month statute of limitations set forth in RCW

41.56.160(1) and RCW 41.80.120(1). These statutes contain the identical provision: "That a complaint shall not be processed for any unfair labor practice occurring more than six months *before the filing of the complaint with the commission.*" RCW 41.56.160(1); RCW 41.80.120(1) (emphasis added). In other words, these statutes establish a six-month statute of limitations for unfair labor practice claims that would be triggered by filing a complaint with PERC.

¶21 But Mr. Imperato did not file his complaint with PERC. Instead, Mr. Imperato filed a complaint directly in superior court. Mr. Imperato had this option because unfair labor practice claims may be filed with PERC or in superior court. *Int'l Ass'n of Fire Fighters*, 117 Wn.2d at 674-75.

¶22 The question then becomes: what statute of limitations applies to the case here where Mr. Imperato went directly to superior court and did not file with PERC? The federal six-month statute does not apply because WVC is expressly excluded as an "employer" subject to the federal act. 29 U.S.C. § 152(2).

¶23 Mr. Imperato asks this court to read the plain language of the statute when determining the applicable statute of limitations. Mr. Imperato points out that the language of RCW 41.56.160(1) and RCW 41.80.120(1) is limited to complaints for unfair labor practices brought before PERC. In Mr. Imperato's view, a plain reading of the statutes reveals that DFR claims filed in superior court must be covered under a different statute of limitations. Mr. Imperato argues that this court should apply the three-year statute of limitations for torts to his claim.

¶24 When interpreting a statute, a court's fundamental objective is to ascertain and carry out the legislature's intent. *State v. Jacobs*, 154 Wn.2d 596, 600, 115 P.3d 281 (2005). We give effect to the plain meaning of the statute, if any, by taking into account the ordinary meaning of the words used as well as the context in which the statute appears, including related provisions. *Id.* If the statute is susceptible to two or more reasonable interpretations, it is

ambiguous and we may turn to additional tools of statutory construction to determine the meaning of the statute. *Christensen v. Ellsworth*, 162 Wn.2d 365, 373, 173 P.3d 228 (2007).

¶25 Here, the statutes are silent as to whether unfair labor practice claims filed in superior court are subject to the statute of limitations contained in RCW 41.56.160(1) and RCW 41.80.120(1).

¶26 Mr. Imperato relies on a Third Circuit case to support his argument that a DFR claim need not be brought as an unfair labor practice claim. In *Farber v. City of Paterson*, 440 F.3d 131 (3d Cir. 2006), the court concluded that New Jersey's Employer-Employee Relations Act did not apply even though DFR claims could be brought as an unfair labor practice. The court refused to borrow the six-month *federal* statute of limitations to apply to the DFR claim. *Id.* at 144. Instead, the court determined that the DFR claim was a form of a tort action and applied the state's six-year statute of limitations for tort actions. *Id.* at 145.

¶27 *Farber* is not helpful here because, unlike Washington, New Jersey had not adopted a six-month statute of limitations for unfair labor practice claims presented to a commission. Furthermore, in Washington, a DFR is considered to be an unfair labor practice claim, not a tort claim. *See Wright*, 162 Wn.2d at 196.

¶28 Mr. Imperato asserts that three different options are available to the court: (1) the three-year statute of limitations for an action for injury to a person or rights of a person, RCW 4.16.080; (2) the six-year statute of limitations for breach of a written agreement, RCW 4.16.040; and (3) a two-year statute of limitations for an action for relief that is not listed in chapter 4.16 RCW, RCW 4.16.130. Mr. Imperato points out that he brought his cause of action within the shortest of these limitation periods.

¶29 In contrast, WVC and WPEA ask this court to apply the six-month statute of limitations contained in RCW 41.56.160(1) and RCW 41.80.120(1) to DFR claims regard-

less of whether the claims were filed with PERC. They point out that the adoption of Mr. Imperato's position would mean that DFR claimants who filed in superior court would have a longer statute of limitations than claimants who filed with PERC.

¶30 WVC and WPEA also point out that Washington courts have maintained jurisdiction over unfair labor practice claims brought under chapter 41.56 RCW. *See Wash. State Council of County & City Emps. v. Hahn*, 151 Wn.2d 163, 86 P.3d 774 (2004). In *Hahn*, the Washington Supreme Court concluded that unfair labor practice claims under chapter 41.56 RCW include those filed with PERC and those filed in superior court. *Id.* at 167.

¶31 WPEA relies on two Michigan cases where the courts applied the state's six-month statute of limitations to cases involving a claim based on breach of the duty of fair representation. *Leider v. Fitzgerald Educ. Ass'n*, 167 Mich. App. 210, 421 N.W.2d 635 (1988); *Meadows v. City of Detroit*, 164 Mich. App. 418, 418 N.W.2d 100 (1987). In *Leider*, the court applied a six-month statute of limitations to a claim for breach of the duty of fair representation that was filed directly in the circuit court. *Leider*, 167 Mich. App. at 213-14. The court rejected Audrey Leider's argument that her claim alleged common law breach of duty that was subject to a three-year statute of limitations. *Id.* at 216. The court concluded that the six-month statute of limitations applied to breach of the duty of fair representation because this breach constituted an unfair labor practice. *Id.* The applicable Michigan statute, which is similar to RCW 41.56.160(1) and RCW 41.80.120(1), provided that " '[n]o complaint shall issue based upon any unfair labor practice occurring more than 6 months prior to the filing of the charge with the commission.' " *Id.* at 215.

¶32 In *Meadows*, the court also applied a six-month statute of limitations to a case involving a duty of fair representation claim. *Meadows*, 164 Mich. App. at 434. The court explained that the adoption of the short limitation period was based on sound policy rationale. In the court's

view, the fact that the parties had contracted to resolve claims among themselves required that their final decisions should become final quickly. The court also noted that the internal system selected by the parties should be an efficient high-volume apparatus, not a lengthy process of litigation. *Id.* at 434-35.

¶33 We agree. The application of the six-month limitation period to DFR claims filed directly in superior court would serve several important policies. First, it would prevent piecemeal litigation. It would also impose a greater degree of certainty and fairness to the process.

¶34 Second, applying a different statute of limitations to DFR claims filed in superior court would frustrate the role of PERC in promptly adjudicating and resolving labor disputes.

¶35 Third, federal law establishes a six-month statute of limitations. And RCW 41.56.160(1) and RCW 41.80.120(1) mirror federal law. Applying a six-month statute of limitations places state employees and private employees on equal footing. Moreover, a six-month statute of limitations provides consistency and predictability to both employees and employers. Different limitation periods for different employees are inherently unfair and would produce unreasonable results.

¶36 We conclude that the six-month statute of limitations applies here and that Mr. Imperato failed to file this action within the statute of limitations. Accordingly, we affirm the trial court's summary judgment in favor of WVC and WPEA.

BROWN and SIDDOWAY, JJ., concur.

Review denied at 171 Wn.2d 1033 (2011).