SILBERT v LAKEVIEW EDUCATION ASSOCIATION, INC

Docket No. 107801. Submitted June 20, 1990, at Detroit. Decided January 9, 1991, at 9:15 A.M.

Marlene Silbert, a high school counselor in the Lakeview School District, brought an action in the Macomb Circuit Court against the district for breach of a collective bargaining agreement, and against her union, the Lakeview Education Association, Inc., MEA/NEA Local 1, for breach of its duty of fair representation, after the board of education denied her grievance arising from a reassignment to part-time counseling duties and the union declined to pursue the grievance to arbitration. The court, Frederick D. Balkwill, J., granted summary disposition for the district only, and entered judgment against the union on a special jury verdict for the plaintiff. The union appealed.

The Court of Appeals *held:*

The trial court should have granted the union a directed verdict or a judgment notwithstanding the verdict.

1. The evidence fails to establish that the district was in breach of the collective bargaining agreement at the time the decision was made by the union not to proceed to arbitration. Any breach which may have occurred had by that time been cured upon the restoration of the plaintiff to a ⅗-counseling assignment as permitted by the terms of the collective bargaining agreement.

2. A union breaches its duty of fair representation only where its conduct toward a member of a collective bargaining unit is arbitrary, discriminatory, or in bad faith. An employee does not have an absolute right to have a grievance taken to arbitration even where it has merit under the terms of the collective bargaining agreement. Because there was no allegation of improper or discriminatory motive on the part of the union in refusing to press the grievance to arbitration, there is no basis on which to conclude that the union breached its duty of fair representation.

3. The six-month limitation period under the public employ-

REFERENCES
Am Jur 2d, Labor and Labor Relations §§ 398-401, 405, 1769.
See the Index to Annotations under Labor and Employment.

ment relations act is applicable in this case because a claim of breach of the duty of fair representation constitutes an unfair labor practice claim. However, because the plaintiff's complaint was timely, any error in striking the special jury verdict form question pertaining to the statute of limitations defense was harmless.

4. The order denying the defendant's motion for a judgment notwithstanding the verdict is reversed, the jury's verdict is vacated, and the case is remanded for entry of a judgment for the defendant.

Reversed and remanded

1. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — UNFAIR LABOR PRACTICES — DUTY OF FAIR REPRESENTATION.

A labor union's alleged breach of its duty of fair representation may serve as a basis for an unfair labor practice claim by a member of the union under the public employment relations act (MCL 423.201 *et seq.*; MSA 17.455[1] *et seq.*).

2. LABOR RELATIONS — UNIONS — COLLECTIVE BARGAINING — DUTY OF FAIR REPRESENTATION — ARBITRATION.

A union breaches its duty of fair representation only where its conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith; a failure of a union to press a member's grievance to arbitration, by itself, does not amount to a breach of the duty of fair representation; an individual employee does not have the absolute right to have a grievance taken to arbitration, even where the grievance may have merit under the terms of the applicable collective bargaining agreement.

3. LABOR RELATIONS — PUBLIC EMPLOYMENT RELATIONS ACT — UNFAIR LABOR PRACTICES — LIMITATION OF ACTIONS.

A six-month period of limitation applies to claims of unfair labor practice under the public employment relations act; the period of limitation is tolled while internal grievance procedures are undertaken regarding a claim (MCL 423.216[a]; MSA 17.455[16] [a]).

*Roger P. Mourad* and *Michael A. Szymanski,* for the plaintiff.

*Hiller, Hoekenga & Amberg* (by *Daniel J. Hoekenga* and *Dirk F. Zuschlag*), for the defendant.

Before: DANHOF, C.J., and CYNAR and BRENNAN, JJ.

PER CURIAM. Defendant Lakeview Education Association, Inc., appeals as of right from an order of the Macomb Circuit Court denying its motion for judgment notwithstanding the verdict or, in the alternative, a new trial or remittitur, following entry of judgment on a special jury verdict for plaintiff Marlene Silbert awarding her $25,000 in mental distress damages, plus $2,500 in attorney fees. We reverse.

Plaintiff is a secondary school teacher and counselor in the Lakeview School District and a member of defendant union. On February 26, 1985, plaintiff filed a complaint against the district and the union, alleging that the district breached a collective bargaining agreement and that the union breached its duty of fair representation of plaintiff by declining to pursue plaintiff's grievance to arbitration. Plaintiff sought an injunction reinstating her as a full-time counselor, and also sought damages for physical, mental, and emotional injury resulting from the negligence and extreme recklessness of the union and the district.

The underlying grievance concerned an alleged seniority violation by the district when it notified plaintiff by letter dated June 19, 1984, that, for the 1984-85 school year, she was being reassigned from her duties as a full-time (five hours per day) high school counselor to two hours counseling and three hours teaching social studies. Although the board of education ultimately denied plaintiff's grievance on the merits at the final step of the grievance process, the board did recommend to the district administration that plaintiff's counseling time be increased to three hours per day. The administration did in fact follow the recommendation of the

board, and, for the 1984-85 school year, plaintiff actually worked an assignment consisting of three-fifths counseling and two-fifths teaching.

The trial court granted summary disposition to the district pursuant to MCR 2.116(C)(4) on the basis that the Michigan Employment Relations Commission has exclusive jurisdiction to determine unfair labor practices under the public employment relations act, MCL 423.201 *et seq.*; MSA 17.455(1) *et seq.*, and that plaintiff's personal injury claim was barred by the exclusive remedy provision of the Workers' Disability Compensation Act, MCL 418.131; MSA 17.237(131). The union's various motions for summary disposition based on issues now before us on appeal were all denied.

As a threshold matter, defendant argues that the trial court erred by refusing to rule as matter of law that plaintiff erroneously brought suit against "Lakeview Education Association, Inc.," rather than against MEA/NEA Local 1, which is plaintiff's certified bargaining agent and, thus, liable for any breach of the duty of fair representation. However, we note that paragraph 2 of plaintiff's complaint more fully describes defendant as "Lakeview Education Association MEA/NEA Local 1." Consequently, while technically the case caption should have been amended to read as such, we conclude that suit was brought against the proper party.

Defendant also argues that the trial court erroneously deprived it of its statute of limitations defense by summarily striking the special verdict form question pertaining to that defense during jury deliberations. Defendant contends that plaintiff's claim accrued on August 24, 1984, when defendant refused to arbitrate her grievance and, consequently, that her complaint, filed on February 26, 1985, was untimely in light of the six-

month limitation period provided under § 16(a) of the PERA, MCL 423.216(a); MSA 17.455(16)(a). We agree with the defendant that the court erred in depriving defendant of an affirmative defense by striking the question, on its own motion and over defendant's objections, simply because the question was "somewhat confusing." We also agree that the six-month limitation period under the PERA is applicable in this case because a claim for breach of the duty of fair representation constitutes an unfair labor practice claim. *Leider v Fitzgerald Ed Ass'n,* 167 Mich App 210, 216; 421 NW2d 635 (1988). However, because plaintiff's internal appeal of the MEA/NEA Local 1 representative's August 24, 1988, refusal to arbitrate was not denied by the MEA/NEA Local 1 grievance committee until November 15, 1988, plaintiff's cause of action did not accrue, or at least the statute of limitations was tolled, until that date. See *id.,* pp 216-217. Consequently, plaintiff's complaint was timely, and any error by the court in striking the special verdict form question was harmless.

Next, defendant argues that the trial court should have granted the union a directed verdict or a judgment notwithstanding the verdict, because plaintiff presented no evidence to show that defendant breached its duty of fair representation. On this issue, we agree with defendant.

In *Goolsby v Detroit,* 419 Mich 651, 661; 358 NW2d 856 (1984), our Supreme Court endorsed the rule that a union breaches its duty of fair representation only when its conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith. An individual employee does not have the absolute right to have a grievance taken to arbitration, even where, in some instances, the employee's grievance against the employer may have merit under the terms of

the applicable collective bargaining agreement. *Id.,* pp 660-665.

In this case, the evidence fails to establish that the district was in breach of the collective bargaining agreement at the time the decision was made by defendant not to proceed to arbitration. The collective bargaining agreement clearly and unambiguously states that a "[f]orced transfer and forced reassignment shall be defined as a transfer or reassignment which the teacher does not request." However, the agreement also expressly defines an "assignment" at the secondary (high school) level as "classes taught within a department(s). Department shall be determined by ⅗ of the teacher's teaching hours." Where the language of a collective bargaining agreement is clear and unambiguous, "the language must be held to express the intention of the parties and the court should not search for meanings or indulge in inferences as to the intention of the parties." *Grau v DAIIE,* 148 Mich App 82, 90; 383 NW2d 616 (1985).

Therefore, when the district assigned plaintiff one hour of counseling in addition to the two hours she already had, there was no longer a forced reassignment, and any breach of the collective bargaining agreement that occurred when plaintiff was originally reassigned was cured. There being no allegation of improper or discriminatory motive on the part of defendant in refusing to press on to arbitration, see *Goolsby, supra,* we find no basis on which to conclude that defendant breached its duty of fair representation in this case. See *Ramsey v Pontiac,* 164 Mich App 527, 536-538; 417 NW2d 489 (1987); *Pearl v Detroit,* 126 Mich App 228, 235-238; 336 NW2d 899 (1983).

Viewing the evidence in a light most favorable to the plaintiff, we find no issues of material fact

on which reasonable minds might differ. *Lester N Turner, PC v Eyde,* 182 Mich App 396, 398; 451 NW2d 644 (1990). Consequently, the trial court should have granted defendant a directed verdict or, alternatively, a judgment notwithstanding the verdict.

Given our resolution of this last issue, it is unnecessary for us to address defendant's remaining allegations of error.

We reverse the trial court's order denying defendant's motion for judgment notwithstanding the verdict, vacate the jury's verdict, and remand the case for entry of judgment in defendant's favor. We do not retain jurisdiction.