RODGERS v WASHTENAW COUNTY

Docket No. 154972. Submitted December 6, 1994, at Lansing. Decided
February 22, 1995, at 9:15 A.M.

Kevin Rodgers filed an unfair labor practice charge with the
Michigan Employment Relations Commission against his for-
mer employer, Washtenaw County, claiming that the December
1990 termination of his employment with the county was the
result of unfair labor practices. The MERC dismissed the charge
on the basis that the filing of the charge in February 1992 was
more than six months after the alleged constructive discharge
and, thus, was not filed in a timely manner as required by
§ 16(a) of the public employment relations act, MCL 423.216(a);
MSA 17.455(16)(a). Rodgers appealed, claiming that the limita-
tion period of § 16(a) of the PERA was tolled during the pen-
dency of an action that the had filed in the Washtenaw Circuit
Court against the county for breach of his contract of employ-
ment arising out of the same constructive discharge, said action
having been filed in March 1991 and not having been dismissed
until after the filing of the unfair labor practice charge.

The Court of Appeals held:

The general tolling provision of § 5856 of the Revised Judica-
ture Act, MCL 600.5856; MSA 27A.5856, is not applicable to
§ 16(a) of the PERA, because the provision in the PERA specifi-
cally requires that an unfair labor practice charge be filed with
the MERC no more than six months after the unfair labor
practice occurred. Just as the filing of an administrative pro-
ceeding does not toll the operation of a statute of limitation in
a civil action, the filing of a civil action does not toll the
operation of the statute of limitation applicable to a proceeding
before the MERC.

Affirmed.

*Anthony A. Muraski,* for the petitioner.

*Harris, Guenzel, Meier & Nichols, P.C.* (by *Rob-
ert E. Guenzel*), for the respondent.

Before: McDonald, P.J., and Fitzgerald and W. J. Giovan,* JJ.

Per Curiam. Petitioner, Kevin Rodgers, appeals from the Michigan Employment Relation Commission's dismissal of his unfair labor practice charge against respondent, Washtenaw County. The MERC dismissed petitioner's charge because it had not been filed within the six-month limitation period provided by MCL 423.216(a); MSA 17.455(16)(a). We affirm.

Petitioner left his employment with respondent in December 1990. In March 1991, petitioner sued in the Washtenaw Circuit Court for breach of his employment contract. Petitioner's action was dismissed by the circuit court on April 29, 1992, for lack of subject-matter jurisdiction. During the pendency of the circuit court action, petitioner filed his unfair labor practice charge with the MERC on February 2, 1992, more than six months after his alleged constructive discharge.

MCL 423.216(a); MSA 17.455(16)(a) provides in pertinent part:

> No complaint shall issue based upon any unfair labor practice occurring more than 6 months prior *to the filing of the charge with the commission* and service of a copy thereof upon the person against whom the charge was made . . . . (Emphasis added.)

MCL 423.216(a); MSA 17.455(16)(a) provides one exception to this rule: where the aggrieved party "was prevented from filing the charge by reason of service in the armed forces, . . . the 6-month period shall be computed from the day of his discharge." In addition to this statutory exception,

---

* Circuit judge, sitting on the Court of Appeals by assignment.

this Court has found that the six-month period of limitation is tolled during the period when the employee has no knowledge of the unfair labor practice or while the employee pursues union grievance procedures. *Huntington Woods v Wines,* 122 Mich App 650; 332 NW2d 557 (1983); *Silbert v Lakeview Ed Ass'n, Inc,* 187 Mich App 21; 466 NW2d 333 (1991); *Leider v Fitzgerald Ed Ass'n,* 167 Mich App 210; 421 NW2d 635 (1988).

MCL 600.5856; MSA 27A.5856 provides in relevant part:

> The statutes of limitations or repose are tolled:
> (a) At the time the complaint is filed and a copy of the summons and complaint are served on the defendant.
> (b) At the time jurisdiction over the defendant is otherwise acquired.

Petitioner argues MCL 600.5856; MSA 27A.5856 acts to toll the six-month limitation period for filing his MERC charge while his complaint was pending before the circuit court. We disagree.

Exceptions to statutes of limitation are to be construed strictly. *Mair v Consumers Power Co,* 419 Mich 74; 348 NW2d 256 (1984). Additionally, a specific statute of limitations provision controls over a general provision. *Michigan Millers Mutual Ins Co v West Detroit Building Co, Inc,* 196 Mich App 367; 494 NW2d 1 (1992). The statute of limitations for a civil action brought in the circuit court is not tolled by a prior action seeking administrative relief for the same alleged harm. *Mair, supra; Ray v Organization of School Administrators & Supervisors, Local 28,* 141 Mich App 708; 367 NW2d 438 (1985). In *Mair, supra,* p 85, our Supreme Court cautioned against finding exceptions to statutes of limitation:

The statutes of limitations, as well as the tolling statute, are of legislative creation. So too should be any further exceptions, and particularly any further exception which makes an administrative proceeding a tolling event. The vast number of administrative agencies and their varying procedures make this area one particularly appropriate for legislative action if any change is desired, and one particularly inappropriate for the ad hoc judgments of the judiciary.

MCL 423.216(a); MSA 17.455(16)(a) specifically requires the filing of an unfair labor practice charge *with the commission* in order to stop the six-month limitation period from running. MCL 600.5856; MSA 27A.5856 is the general tolling provision applicable to statutes of limitation in civil actions and should not be applied to thwart the specific limitation provision of MCL 423.216(a); MSA 17.455(16)(a). Just as filing an administrative proceeding does not toll the operation of a statute of limitation in a civil action, we believe filing a civil action in the circuit court should not toll the operation of the statute of limitation applicable to a MERC proceeding where the statute requires the filing of a charge with the MERC.

Affirmed.