# STATE OF MICHIGAN

# COURT OF APPEALS

NEIL SWEAT,

Plaintiff-Appellant,

v

DETROIT HOUSING COMMISSION,

Defendant-Appellee.

UNPUBLISHED
February 2, 2016

No. 324846
Wayne Circuit Court
LC No. 12-005744-CD

Before: SHAPIRO, P.J., and O'CONNELL and BORRELLO, JJ.

PER CURIAM.

Plaintiff appeals as of right the trial court's order denying his motion to amend his complaint and granting defendant's motion for summary disposition. We reverse in part, affirm in part, and remand for further proceedings.

This action arises out of two disciplinary actions—a 2008 suspension and a 2009 termination—that defendant, the Detroit Housing Commission ("DHC") initiated against plaintiff, its then-employee. Plaintiff initially filed grievances against DHC with his labor union, then filed separate charges with the Michigan Employment Relations Commission ("MERC") against his former employer and his union when the grievance process failed to achieve his desired outcomes. While the charges were pending in the MERC, plaintiff also filed suit solely against DHC in the circuit court, alleging breach of contract, personal injury, retaliation, and discrimination on the basis of age and disability. Plaintiff later sought to amend his complaint to include a count of racial discrimination, but the trial court denied his motion. On various grounds, the trial court subsequently granted DHC's motion for summary disposition of each of plaintiff's claims.

## I. STATUTE OF LIMITATIONS

Plaintiff contends that the court erred in granting DHC's motion for summary disposition of his contract-breach claim on statutory-limitations grounds because the claim was not cognizable under the Public Employment Relations Act (PERA), MCL 423.201 *et seq.*, and, accordingly, the 6-year statute of limitations period found in MCL 600.5807(8) applied to his claim. We agree.

"This Court reviews de novo matters of statutory interpretation, as well as the trial court's decision to grant or deny a motion for summary disposition." *Castro v Goulet*, ___ Mich App

-1-

___, ___; ___ NW2d ___ (2015) (Docket No. 316639); slip op at 1. "Summary disposition under MCR 2.116(C)(7) is appropriate when the undisputed facts establish that the plaintiff's claim is barred under the applicable statute of limitations." *Stephens v Worden Ins Agency, LLC*, 307 Mich App 220, 227; 859 NW2d 723 (2014) (citation and quotation marks omitted). When reviewing a grant of summary disposition under subrule (C)(7), we accept as true the parties' well-pleaded allegations and construe them in the light most favorable to the nonmoving party. *Dextrom v Wexford Co*, 287 Mich App 406, 428; 789 NW2d 211 (2010). "If any affidavits, depositions, admissions, or other documentary evidence are submitted, the court must consider them to determine whether there is a genuine issue of material fact." *Id*. at 429. "If no facts are in dispute, and if reasonable minds could not differ regarding the legal effect of those facts, the question whether the claim is barred is an issue of law for the court." *Id*. Generally, the defendant bears the burden of proving facts that bring the case within the statute of limitations. *Stephens*, 307 Mich App at 227.

MCL 600.5807 provides the limitations period for various breaches of contract. Assuming that none of the foregoing subsections apply to the contract in question, MCL 600.5807(8) provides that "[t]he period of limitations is 6 years for all other actions to recover damages or sums due for breach of contract." Michigan courts have applied the 6-year statute of limitations to an employee's contract-breach action against a public employer in numerous cases involving, for example, the employer's hiring decisions in contravention of the collective bargaining agreement, *AFSCME, AFL-CIO, Michigan Council 25 and Local 1416 v Highland Park Bd of Ed*, 457 Mich 74, 78-79, 86; 577 NW2d 79 (1998), and failure to pay retiree health-insurance premiums, *Adams v Detroit*, 232 Mich App 701, 703-704; 591 NW2d 67 (1998).

In contrast, Michigan courts have also applied the 6-month PERA statute of limitations to an employee's contract-breach claim against a public employer. See MCL 423.216(a). Typically, courts have applied this shorter limitations period in cases involving a contract-breach action that either (1) is combined with an employee's action against a labor union for a breach of the duty of fair representation or (2) alleges an unfair labor practice under the PERA. See *Port Huron Ed Ass'n, MEA/NEA v Port Huron Area Sch Dist*, 452 Mich 309, 314-315, 318 n 14; 550 NW2d 228 (1996); *Rodgers v Washtenaw Co*, 209 Mich App 73, 74; 530 NW2d 118 (1995); *McCluskey v Womack*, 188 Mich App 465, 468-469; 470 NW2d 443 (1991).

The 6-year statute of limitations found in MCL 600.5807(8) applied to plaintiff's claim. In its motion for reconsideration, DHC asserted that the instant case was indistinguishable from the facts in *Meadows v Detroit*, 164 Mich App 418; 418 NW2d 100 (1987), which applied the PERA's 6-month statute of limitations period to the plaintiff's claim, and the trial court found its reasoning persuasive. Although a degree of factual similarity exists—*Meadows* involved a police officer who sued his public employer for wrongful discharge after internal union processes failed to achieve the desired relief—there is one crucial difference: plaintiff in this case did not assert a breach of duty of fair representation. *Id*. at 434. Hence the basis for the holding in Meadows is inapplicable to the case at bar. Therefore, the trial court was correct in its initial assessment that plaintiff's breach of contract claim was controlled by MCL 600.5807(8). Further, this Court has held that "[b]y its terms, the PERA [6-month] limitation only applies to actions filed with the Michigan Employment Relations Commission." *Rowry v Univ of Michigan*, 441 Mich 1, 8; 490 NW2d 305 (1992).

We acknowledge that plaintiff did, at various times throughout these lengthy, mishandled, and convoluted proceedings, implicate the PERA by accusing DHC of engaging in an unfair labor practice when it fired him. We are not bound, however, by a party's choice of label for a cause of action because such an inflexible rule would "exalt form over substance." *Norris v Lincoln Park Police Officers*, 292 Mich App 574, 582; 808 NW2d 578 (2011) (citation and quotation marks omitted). Rather, we determine the gravamen of a party's action by evaluating the entire claim. *Maiden v Rozwood*, 461 Mich 109, 135; 597 NW2d 817 (1999). And in terms of plaintiff's contract-breach claim, he argues only that DHC breached the collective bargaining agreement by discharging him without progressive discipline or just cause, and he requests damages in recompense for his lost wages and benefits, a typical measure of relief for a contract breach. See *Lawrence v Will Darrah & Assoc, Inc*, 445 Mich 1, 7; 516 NW2d 43 (1994) (noting that "[t]he damage which a party ought to receive in respect to such breach of contract may be said to be such as may fairly and reasonably be considered either as arising naturally – that is, according to the usual course of things – from such breach of contract itself[.]") (Citations and quotation marks omitted).

Accordingly, plaintiff's claim did not entail an association with a claim in the circuit court against his union for unfair representation, nor did it implicate the PERA by alleging an unfair labor practice as defined by the Act. And after evaluating plaintiff's claim, we note that it does indeed sound in principles of contract law, not as an unfair labor practice. *Maiden*, 461 Mich at 135. The 6-year statute of limitations period for breaches of contract thus applies to the claim. MCL 600.5807(8).

Plaintiff filed his complaint against DHC within the appropriate limitations period. His claim accrued on May 20, 2009—the day DHC allegedly violated the collective bargaining agreement by firing him. *Miller-Davis Co v Ahrens Constr, Inc*, 495 Mich 161, 180; 848 NW2d 95 (2014) (noting that the limitations period under MCL 600.5807(8) begins to run when the promisor fails to perform under the contract). Consequently, plaintiff had until May 20, 2015, to file suit, and he filed his first complaint on April 27, 2012. MCL 600.5807(8). The same result would obtain, of course, if plaintiff's participation in his union appeals process tolled the statute of limitations; he exhausted his internal remedies on January 20, 2010, giving him until January 20, 2016, to file suit.[1] MCL 600.5807(8). The trial court therefore erred in granting DHC's motion for summary disposition under MCR 2.116(C)(7) because the relevant and undisputed

---

[1] We note that, in spite of the significant time and energy both parties expended in arguing the point, we need not determine whether the internal appeals process tolled the statutory limitations period in order to resolve the issue. If the limitations period from MCL 600.5807(8) applied to plaintiff's claim, his complaint was timely whether or not the appeals process tolled the limitations period. If, instead, the 6-month PERA limitations period applied, the statute of limitations barred his claim regardless of potential tolling. Michigan caselaw, however, suggests that plaintiff's participation in the union's appeal process did indeed toll the limitations period. See *Highland Park*, 457 Mich at 90; *Silbert v Lakeview Ed Ass'n, Inc*, 187 Mich App 21, 25; 466 NW2d 333 (1991).

facts established that the statute of limitations did not bar plaintiff's claim as a matter of law. *Dextrom*, 287 Mich App at 429.

## II. MOTION TO AMEND COMPLAINT

Plaintiff contends that the court abused its discretion by denying his motion to amend the complaint because he presented a timely prima facie claim of racial discrimination and DHC would have suffered no prejudice in defending against it. The trial court did not abuse its discretion in denying plaintiff's motion to amend.

We review for an abuse of discretion a trial court's decision on a motion to amend the complaint. *Diem v Sallie Mae Home Loans, Inc*, 307 Mich App 204, 215-216; 859 NW2d 238 (2014). A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes. *Chiropractors Rehab Group, PC v State Farm Mut Auto Ins Co*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket Nos. 320288 and 322317); slip op at 14.

A trial court should freely grant leave to amend a pleading "when justice so requires." MCR 2.118(A)(2). "Leave to amend should be denied only for particularized reasons, such as undue delay, bad faith, or dilatory motive on the movant's part, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, or where amendment would be futile." *Jenks v Brown*, 219 Mich App 415, 420; 557 NW2d 114 (1996). An amendment may be futile if, among other reasons, it is legally insufficient on its face. *PT Today, Inc v Comm'r of Fin and Ins Servs*, 270 Mich App 110, 143; 715 NW2d 398 (2006). Delay alone does not warrant denial of a motion to amend, but denial for delay is proper "if the delay was in bad faith or if the opposing party suffered actual prejudice as a result." *Amburgey v Sauder*, 238 Mich App 228, 247; 605 NW2d 84 (1999). "Prejudice to a defendant that will justify denial of leave to amend is the prejudice that arises when the amendment would prevent the defendant from having a fair trial[.]" *Id*.

Michigan's Elliott-Larsen Civil rRghts Act (CRA), MCL 37.2101 *et seq*., prohibits an employer from failing or refusing to hire or recruit, discharging, or otherwise discriminating against an individual on the basis of race. MCL 37.2202(1)(a). A plaintiff may prove by direct or circumstantial evidence that racial discrimination motivated his or her employer's action. *Hazle v Ford Motor Co*, 464 Mich 456, 462; 628 NW2d 515 (2001). Direct evidence is that which, if believed, "requires the conclusion that unlawful discrimination was at least a motivating factor in the employer's actions." *Sniecinski v Blue Cross and Blue Shield of Mich*, 469 Mich 124, 132-133; 666 NW2d 186 (2003) (citation and quotation marks omitted). In cases where there is no direct evidence, a plaintiff may establish a rebuttable prima facie case of discrimination through circumstantial evidence by demonstrating that he or she (1) belongs to a protected class, (2) suffered an adverse employment action, and (3) was qualified for the position, and that the employment action occurred under circumstances giving rise to an inference of unlawful discrimination. *Id*. at 134. A plaintiff must prove by a preponderance of the evidence a prima facie case of discrimination. *Id*. In any event, claims under the CRA are subject to a 3-year statute of limitations period. See MCL 600.5805(10) (general 3-year statute of limitations); *Garg v Macomb Co Community Mental Health Servs*, 472 Mich 263, 284; 696 NW2d 646 (2005) (applying the 3-year statute of limitations to CRA claims).

There existed at least two grounds for denying plaintiff's motion to amend. First, the statute of limitations barred the claims. Plaintiff alleged racial discrimination by DHC stemming from his May 12, 2008 suspension and his May 20, 2009 termination. He was thus obligated to raise the claims no later than May 12, 2011, and May 20, 2012, respectively. *Garg*, 472 Mich at 284. He did not file a motion to amend his complaint to add the count of racial discrimination until June 17, 2014, more than five and six years after the alleged discriminatory incidents occurred. Plaintiff did include the allegations of racial discrimination in his second complaint on May 14, 2012, but the addition was improper because he did not amend the original complaint within 14 days of filing on April 27, 2012; amend the complaint within 14 days of DHC's first responsive pleading on June 5, 2012; or obtain the court's leave or DHC's consent to amend. MCR 2.118(A).

Second, assuming that the statute of limitations did not bar the claims, amendment would have been futile because plaintiff failed to establish a prima facie case of discrimination. Plaintiff did not present direct evidence of DHC's alleged racial discrimination. In terms of demonstrating discrimination through circumstantial evidence, plaintiff was a member of a protected class under the CRA, his firing constituted an adverse employment action, and he was at least ostensibly *qualified* for his position, notwithstanding his termination for substandard work performance. *Sniecinski*, 469 Mich at 134. But plaintiff failed to present evidence that DHC fired him "under circumstances giving rise to an inference of unlawful discrimination." *Id*. Rather, DHC disciplined and eventually fired plaintiff for several workplace violations that it never alleged against Dennis Shaffer—a white property manager whom DHC suspended twice but did not fire—including falsifying information, incurring an undue financial burden, and failing to properly process rental payments in 2008 and another charge of failing to properly process rental payments in 2009. Consequently, the logical conclusion was that DHC disciplined its employees for different infractions, not that it disciplined them differently for reasons of race. Moreover, plaintiff's lengthy suspension in 2008 was due, at least in part, to his failure to accept DHC's offer of a reduced 15-day suspension. The requested amendment would therefore have been futile because it was legally insufficient on its face. *PT Today, Inc*, 270 Mich App at 143. Accordingly, the court's denial of plaintiff's motion did not constitute an abuse of discretion because the decision fell within a range of reasonable and principled outcomes. *Chiropractors Rehab Group, PC*, ___ Mich App at ___; slip op at 14.

Reversed in part, affirmed in part, and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. No costs are awarded. MCR 7.219.

/s/ Douglas B. Shapiro
/s/ Peter D. O'Connell
/s/ Stephen L. Borrello