[No. 79542-8.   En Banc.]
Argued November 1, 2007.   Decided November 8, 2007.

CHARLOTTE WRIGHT ET AL., *Petitioners*, v. JIM TERRELL ET AL., *Respondents*.

*Eric T. Nordlof* (of *Public School Employees of Washington*), for petitioners.

*Michael B. Tierney* and *John M. Stellwagen* (of *Law Office of Michael B. Tierney, PC*) and *Dennis R. Duggan* (of *Duggan Schlotfeldt & Welch Law Firm*), for respondents.

¶1 PER CURIAM — We reiterate here that former RCW 4.96.020 (2001) does not apply to claims against individual

government employees. Because the Court of Appeals misread our opinion in *Bosteder v. City of Renton*, 155 Wn.2d 18, 117 P.3d 316 (2005), we grant review, reverse, and remand to the Court of Appeals for consideration of the other issues raised on appeal.

¶2 Charlotte Wright and the Public School Employees of Evergreen (the union) filed a lawsuit against Jim Terrell, Marcia Fromhold, and the Evergreen School District, asserting seven claims. The underlying facts giving rise to this lawsuit need not be repeated here, other than to note the suit centers around a supervisor's treatment of his employees. Wright asserted claims against Terrell for negligent infliction of emotional distress, intentional infliction of emotional distress, and federal civil rights violations. The union and Wright also claimed Terrell interfered with the collective bargaining rights of employees in violation of RCW 41.56.140(1). Also, Wright asserted a negligent supervision claim against Fromhold. Wright and the union further claimed that the district failed to disclose information relating to Terrell's personnel file and that the district violated the public disclosure act. Two months after filing the initial complaint, Wright and the union filed an amended complaint, adding David Larson as a plaintiff and adding two claims against Terrell individually: negligent and intentional infliction of emotional distress upon Larson. Plaintiff also filed a motion to compel discovery of the district's records relating to Terrell.

¶3 Defendants moved to dismiss, arguing that plaintiffs were required (but failed) to file their tort claims first with the district pursuant to former RCW 4.96.020. The trial court agreed and dismissed the tort claims and civil rights claims against Terrell and Fromhold. After granting the motion to dismiss, the trial court denied plaintiffs' motion to compel discovery, concluding that it was not relevant to the remaining claims. The district then moved to dismiss the public disclosure act claims. The trial court concluded there was sufficient evidence to support those claims, but also issued a supplemental ruling regarding the claims it had

earlier dismissed, concluding that there was insufficient evidence to support those claims and that Wright and Larson should have first pursued those claims through their collective bargaining agreement. Plaintiffs agreed to voluntarily dismiss the public disclosure act claims against the district and then appealed directly to this court. We transferred the appeal to the Court of Appeals.

¶4 The Court of Appeals affirmed, holding that the trial court properly dismissed plaintiffs' claims against Terrell and Fromhold for failure to comply with former RCW 4.96.020.[1] While the court recognized that five justices of this court in *Bosteder* said that former RCW 4.96.020 does not apply to claims against individual government employees, the court nonetheless reasoned that the "plurality opinion has only limited precedential value and is not binding on the courts." *Wright v. Terrell*, 135 Wn. App. 722, 735, 145 P.3d 1230 (2006). Plaintiffs then sought this court's review, which we granted.

¶5 In *Bosteder*, we resolved whether former RCW 4.96.020 applies to claims against governmental employees in their individual capacity. The lead opinion said "that the statute does apply to suits against individuals for acts committed within the scope of their employment." *Bosteder*, 155 Wn.2d at 24. But only four justices joined entirely in the lead opinion. Justice Sanders, dissenting and joined by three other justices, concluded that the statute does not apply to suits against individual governmental employees. *Id.* at 58-59 (Sanders, J., dissenting). Writing separately, Justice Ireland agreed "with the majority except as it holds that the claim filing statute applies to individuals." *Id.* at 59 (Ireland, J., concurring in part, dissenting in part). A majority of this court thus concluded that former RCW 4.96.020 does not apply to claims against individuals. On this point, *Bosteder* is not a plurality decision. The trial court thus erred in dismissing the claims against Terrell

---

[1] In response to our decision in *Bosteder*, the legislature amended RCW 4.96.020 to provide that claims against individual government employees are subject to the claims filing statute. Laws of 2006, ch. 82, § 3.

and Fromhold based on former RCW 4.96.020, and the Court of Appeals erred in holding that *Bosteder* is not binding on the issue of the former statute's applicability to suits against individual employees.

¶6 The Court of Appeals also held that former RCW 4.96.020 applies to federal civil rights claims under 42 U.S.C. § 1983. That holding directly conflicts with well established precedent. *See Felder v. Casey*, 487 U.S. 131, 138, 108 S. Ct. 2302, 101 L. Ed. 2d 123 (1988) (under supremacy clause, state nonclaim statutes do not apply to § 1983 claims); *Cox v. City of Lynnwood*, 72 Wn. App. 1, 11, 863 P.2d 578 (1993) (same). Likewise, the Court of Appeals wrongly concluded that since petitioners' unfair labor practice claim sounded in tort, the claim was subject to former RCW 4.96.020. Unfair labor practice claims under chapter 41.56 RCW are not tort claims for damages and are thus not subject to the claims filing statute. *See, e.g., Wash. State Council of County & City Employees, Council 2 v. Hahn*, 151 Wn.2d 163, 167, 86 P.3d 774 (2004) (ch. 41.56 RCW "provides a cause of action for unfair labor practices," which must be filed with either the superior court or the Public Employment Relations Commission).

¶7 The Court of Appeals decision affirming the dismissal of plaintiffs' claims is reversed. Since other grounds for affirming the dismissal of plaintiffs' claims were raised on appeal, we "remand the case to the Court of Appeals to decide those issues." RAP 13.7(b).