195 P.3d 977 (2008)
Gina STRONG, Appellant,
Charlotte Wright, and David Larson, Plaintiffs,
v.
Jim TERRELL, Marcia Fromhold, in her official capacity as Assistant Superintendent of the Evergreen School District, Nikki Koch, in her official capacity, as the Evergreen School District's Manager, Classified Personnel Services/Substitute Services, Respondents.
No. 35967-7-II.
Court of Appeals of Washington, Division 2.
November 12, 2008.
*979 Eric Thomas Nordlof, Public School Employees of Washington, Auburn, WA, for Appellant.
Michael B. Tierney, John Mathias Stellwagen, Law Office of Michael B. Tierney PC, Mercer Island, WA, for Respondents.
QUINN-BRINTNALL, J.
¶ 1 After finding that she failed to comply with the notice of claim statutes, former RCW 4.96.020 (2001), the Clark County Superior Court dismissed Gina Strong's lawsuit against her supervisor, James Terrell. Strong, a former Evergreen School District employee, sued Terrell, alleging that she was damaged by Terrell's intentional and negligent infliction of emotional distress and violations of her federal civil rights.[1]
¶ 2 Because the former notice of claim statute does not apply to suits against government employees, Wright v. Terrell, 162 Wash.2d 192, 170 P.3d 570 (2007), and because Strong was not required to arbitrate her claim against Terrell under the collective bargaining agreement, we reverse that portion of the trial court's summary judgment order that dismissed her emotional distress and civil rights claims against Terrell for failing to comply with the notice of claim statute.
¶ 3 Our review of the record establishes that Strong failed to demonstrate disputed issues of material fact supporting her intentional infliction of emotional distress and civil rights claims, but that she demonstrated disputed issues of material fact as to her negligent infliction of emotional distress claim. Accordingly, we affirm the trial court's summary judgment dismissing Strong's civil rights and intentional infliction of emotional distress claims and remand for trial on her negligent infliction of emotional distress claim only.

FACTS
¶ 4 In 1999, Strong, a member of the Public School Employees of Washington union, was working as a printing press operator in the District print shop that Terrell supervised. Strong claims that Terrell verbally abused her daily by screaming at her and criticizing her work in a sarcastic, unprofessional manner. He pointedly told "blonde *980 jokes," and he made fun of her by ridiculing her with remarks about her personal life, including disparaging the house she purchased, her husband's employment, and telling her that her son was going to find out that she was a "bum" mother because she had placed him in therapy. Strong asserted that Terrell's behavior caused her to vomit and to have anxiety attacks, depression, and heart palpitations.
¶ 5 In June 2002, Strong filed a formal harassment complaint against Terrell with the District. Nicollet Koch, a District employee, investigated the allegations and found that none of the allegations rose to the level of illegal harassment. Based on Koch's investigation, Marcia Fromhold, Assistant Superintendent for Business and Support Services for the District, recommended that Terrell take some additional management training classes to improve his management style. Koch sent a letter to Strong informing her of the results of the investigation. Strong appealed the District's decision, but the District closed the investigation when Strong failed to attend a scheduled meeting to discuss the appeal.
¶ 6 Subsequently, upon further investigation, Fromhold recommended that the District terminate Terrell's employment. On April 12, 2004, Terrell resigned.[2]
¶ 7 Strong testified that she liked the supervisor who replaced Terrell and that she left District employment in August of 2004 for reasons unrelated to her issues with Terrell.
¶ 8 On July 23, 2004, Strong sued Terrell and Fromhold. And on July 23, 2004, Strong filed a notice of tort claims with the District, but she did not sign the notice. In September 2004, Strong amended the notice of claim by adding her signature. On November 23, 2004, Strong filed a second separate complaint with identical issues against the same defendants and added Koch as a defendant as well as Charlotte Wright and David Larson as plaintiffs. On October 21, 2005, the trial court dismissed Wright and Larson as parties and consolidated Strong's remaining identical claims.[3]
¶ 9 Subsequently, Terrell filed a motion for summary judgment that the trial court granted on substantive grounds, finding that Strong failed to raise disputed issues of material fact related to her claims of negligent and intentional emotional distress and that Strong failed to identify a violation of an existing constitutional right to support her 42 U.S.C. § 1983 claim. In addition, the trial court rejected Terrell's notice of claim arguments regarding Strong's first complaint, noting that Terrell had not previously filed a motion regarding that complaint but that, if he had, the trial court "would grant the Motion as to that previous filing." 3 Clerk's Papers at 576. Strong timely appeals.

ANALYSIS

Notice of Claims Statute: Former RCW 4.96.020
¶ 10 Initially, the trial court noted that Terrell had not filed a motion to dismiss for Strong's failure to file a notice of tort claims prior to filing her first complaint. But the trial court held that, had Terrell done so, it would have granted the motion because Strong had not complied with the notice of claims statute, former RCW 4.96.020(4), and would have dismissed her claims against Terrell on that basis. Here, the trial court consolidated Strong's first and second complaints. *981 Strong filed a notice of claims before she filed her second complaint.
¶ 11 Former RCW 4.96.020(4) provided:
No action shall be commenced against any local governmental entity for damages arising out of tortious conduct until sixty days have elapsed after the claim has first been presented to and filed with the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty-day period.
But our Supreme Court recently held that this notice of claims statute, in effect prior to June 7, 2006, did not apply to claims against individual government employees such as Terrell. See Bosteder v. City of Renton, 155 Wash.2d 18, 56-57, 59, 117 P.3d 316 (2005) (plurality), superseded by Wright, 162 Wash.2d 192, 170 P.3d 570.[4] Thus, the notice of claims statute did not bar Strong's claims against Terrell and the trial court could not base its decision to dismiss the case on her failure to comply with the notice of claims statute.

Summary Judgment
¶ 12 Strong next argues that the trial court also erred when it granted Terrell summary judgment because she presented sufficient disputed facts requiring that a jury decide the merits of her claims.[5] We agree in part.
¶ 13 We review summary judgment orders de novo, performing the same inquiry as the trial court. Hisle v. Todd Pac. Shipyards Corp., 151 Wash.2d 853, 860, 93 P.3d 108 (2004). Summary judgment is proper where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c); Hisle, 151 Wash.2d at 861, 93 P.3d 108.
¶ 14 The nonmoving party is entitled to have the reviewing court view the evidence in a light most favorable to her and against the moving parties. Herron v. Tribune Publ'g Co., 108 Wash.2d 162, 170, 736 P.2d 249 (1987). But statements of ultimate fact and conclusory statements of fact will not defeat a summary judgment motion. Grimwood v. Univ. of Puget Sound, Inc., 110 Wash.2d 355, 359-60, 753 P.2d 517 (1988). In addition, the party opposing a motion for summary judgment, here Strong, may not rely on speculation, argumentative assertions that unresolved factual issues remain, or on having her affidavits considered at face value. Seven Gables Corp. v. MGM/UA Entm't Co., 106 Wash.2d 1, 13, 721 P.2d 1 (1986). She must set forth specific facts rebutting the moving parties' contentions and disclose that a genuine issue as to a material fact exists. Seven Gables, 106 Wash.2d at 13, 721 P.2d 1. We review each of Strong's claims below.

A. Strong's Intentional Infliction of Emotional Distress Claim
¶ 15 To prevail on a claim for the tort of intentional infliction of emotional distress, also known as outrage,[6] Strong must prove that (1) Terrell engaged in extreme and outrageous conduct, (2) he intentionally or recklessly inflicted emotional distress on Strong, and (3) it actually resulted in severe emotional distress to Strong. Kloepfel v. Bokor, 149 Wash.2d 192, 195-96, 66 P.3d 630 (2003) (citing Reid v. Pierce County, 136 Wash.2d 195, 202, 961 P.2d 333 (1998)). Our Supreme Court adopted these elements from the Restatement (Second) of Torts § 46 (1965). Kloepfel, 149 Wash.2d at 196, 66 P.3d 630 (citing Grimsby v. Samson, 85 Wash.2d 52, 59-60, 530 P.2d 291 (1975)). Although these elements are generally factual questions *982 for the jury, a trial court faced with a summary judgment motion must first determine whether reasonable minds could differ on whether the conduct was sufficiently extreme to result in liability. Robel v. Roundup Corp., 148 Wash.2d 35, 51, 59 P.3d 611 (2002).
¶ 16 Any claim of outrage must be predicated on behavior "`so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Kloepfel, 149 Wash.2d at 196, 66 P.3d 630 (emphasis omitted) (quoting Grimsby, 85 Wash.2d at 59, 530 P.2d 291). But the tort "`"does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." In this area[,] plaintiffs must necessarily be hardened to a certain degree of rough language, unkindness and lack of consideration.'" Kloepfel, 149 Wash.2d at 196, 66 P.3d 630 (quoting Grimsby, 85 Wash.2d at 59, 530 P.2d 291).
¶ 17 Here, Strong concedes that, viewed in a "vacuum," some of Terrell's misconduct "may not seem to rise above the status of a petty insult or trivial indignity." Br. of Appellant at 27. But she argues that the totality of Terrell's misconduct over two years was enough to establish a cause of action for the tort of outrage. We disagree.
¶ 18 Here, the record does not support Strong's assertion that Terrell's verbal insults exceeded "`all possible bounds of decency'" measured against an objective standard of reasonableness. Dicomes v. State, 113 Wash.2d 612, 630, 782 P.2d 1002 (1989) (emphasis omitted) (quoting Grimsby, 85 Wash.2d at 59, 530 P.2d 291). Moreover, viewing the evidence in the light most favorable to Strong, no reasonable person could conclude that Terrell's conduct was "`so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.'" Robel, 148 Wash.2d at 51, 59 P.3d 611 (emphasis omitted) (quoting Dicomes, 113 Wash.2d at 630, 782 P.2d 1002); Bremerton Pub. Safety Ass'n v. City of Bremerton, 104 Wash.App. 226, 230, 15 P.3d 688 (2001).
¶ 19 While we are sympathetic to Strong's allegations, at worst her allegations fall within the category of "`insults, indignities, threats, annoyances, petty oppressions, or other trivialities.'" Grimsby, 85 Wash.2d at 59, 530 P.2d 291 (quoting Restatement (Second) of Torts § 46 cmt. D). Cf. Kloepfel, 149 Wash.2d at 194-95, 66 P.3d 630 (intentional infliction of emotional stress when, under a no-contact order, defendant threatened to kill his former girl friend, threatened to kill the man she was dating, watched her house, called her home 640 times, called her work 100 times, and called the homes of men she knew numerous times, causing her great distress and forcing her to spend weekends away from home to avoid defendant). But see Womack v. Von Rardon, 133 Wash.App. 254, 257, 261, 135 P.3d 542 (2006) (three juveniles took appellant's cat from her front porch to a nearby school and, using gasoline, set the cat on fire. The cat suffered first, second, and third degree burns and was soon euthanized. Division Three of this court held that what happened to appellant's cat was "deplorable, but the record does not sufficiently establish the required intent or the necessary severity" to prove the tort of outrage.).
¶ 20 We agree with the trial court that, as a matter of law, there was no genuine issue of material fact supporting Strong's outrage claim and that summary judgment was proper on this record.

B. Negligent Infliction of Emotional Distress
¶ 21 A plaintiff may recover for negligent infliction of emotional distress if she proves negligence, that is, duty, breach of the standard of care, proximate cause, and damage, and proves the additional requirement of objective symptomatology. Kloepfel, 149 Wash.2d at 198, 66 P.3d 630; see also Snyder v. Med. Serv. Corp. of E. Wash., 145 Wash.2d 233, 243-45, 35 P.3d 1158 (2001). Each of these issues is a question of fact for the jury to resolve. Hunsley v. Giard, 87 Wash.2d 424, 436-37, 553 P.2d 1096 (1976). Negligent infliction of emotional distress may be a cognizable claim in the workplace when *983 it does not result from an employer's disciplinary acts or its response to a workplace "personality dispute." Chea v. Men's Wearhouse, Inc., 85 Wash.App. 405, 410, 932 P.2d 1261, 971 P.2d 520 (1997), review denied, 134 Wash.2d 1002, 953 P.2d 96 (1998). Here, Strong presents identical arguments to those discussed in the tort of outrage section above.

1. Proof of Negligence
¶ 22 Foreseeability, in large part, determines the scope of a defendant's duty. Hunsley, 87 Wash.2d at 435-36, 553 P.2d 1096 (citing Wells v. City of Vancouver, 77 Wash.2d 800, 802-03, 467 P.2d 292 (1970)). The "`defendant's obligation to refrain from particular conduct is owed only to those who are foreseeably endangered by the conduct and only with respect to those risks or hazards whose likelihood made the conduct unreasonably dangerous.'" Snyder, 145 Wash.2d at 245, 35 P.3d 1158 (quoting Hunsley, 87 Wash.2d at 436, 553 P.2d 1096). "`Conduct is unreasonably dangerous when its risks outweigh its utility.'" Snyder, 145 Wash.2d at 245, 35 P.3d 1158 (quoting Bishop v. State, 77 Wash.App. 228, 234, 889 P.2d 959 (1995)).
¶ 23 Negligence is conduct that "`falls below the standard established by law for the protection of others against unreasonable risk.'" Hunsley, 87 Wash.2d at 435, 553 P.2d 1096 (quoting W. Prosser, Handbook of the Law of Torts § 43, at 250 (4th ed.1971)). "`It necessarily involves a foreseeable risk, a threatened danger of injury, and conduct unreasonable in proportion to the danger.'" Hunsley, 87 Wash.2d at 435, 553 P.2d 1096 (quoting Prosser, supra). If a defendant could not reasonably foresee any injury as the result of his act, there is no negligence and no liability. Hunsley, 87 Wash.2d at 435, 553 P.2d 1096 (quoting Prosser, supra).
¶ 24 Lack of proximate cause represents an alternative ground on which the trial court may grant a summary judgment motion. Harvey v. County of Snohomish, 124 Wash.App. 806, 819, 103 P.3d 836 (2004), rev'd on other grounds, 157 Wash.2d 33, 134 P.3d 216 (2006). To establish proximate cause, a claimant must prove that the negligent conduct caused the injury complained of in a direct sequence, unbroken by any independent cause. Hoffer v. State, 110 Wash.2d 415, 424, 755 P.2d 781 (1988) (quoting Alger v. Mukilteo, 107 Wash.2d 541, 545, 730 P.2d 1333 (1987)); Harvey, 124 Wash.App. at 819, 103 P.3d 836.
¶ 25 Finally, to establish a case of negligent infliction of emotional distress, a claimant must prove that her emotional distress is accompanied by objective symptoms and the "`emotional distress must be susceptible to medical diagnosis and proved through medical evidence.'" Kloepfel, 149 Wash.2d at 197, 66 P.3d 630 (quoting Hegel v. McMahon, 136 Wash.2d 122, 135, 960 P.2d 424 (1998)).

2. Negligent Infliction Of Emotional Distress
¶ 26 Strong claims that Terrell continuously made demeaning comments and jokes about her blonde hair color until she dyed it brown, Terrell mocked the house she purchased as well as her husband's employment, Terrell called her a "bum mother," and Terrell spit in her face as he screamed at her for using the wrong bulletin board as a union bulletin board. Br. of Appellant at 31. In addition, Strong alleges that Terrell assigned her to the night shift as a punishment and that, during one of Terrell's screaming fits, he stood so close to her that his spit hit her face and she feared he would strike her. Moreover, Strong claimed that Terrell's conduct was dangerous because he disconnected the print shop's telephone during the night shift.[7] Terrell counters that Strong's claim should fail because it consists of a workplace dispute. We disagree.
¶ 27 First, we note that Strong alleges facts that, if intentional, are sufficient to support fourth degree assault (spitting) and *984 support a finding that Terrell created an apprehension of battery when Strong feared he would hit her. These allegations exceed the bounds of a workplace personality dispute.
¶ 28 Moreover, the record as presented here does not support Terrell's assertion that his conduct was work-related in nearly all the instances Strong alleged. Terrell's conduct, directed to Strong's personal life and appearance, was "rude, boorish, and mean-spirited," and it was not done in furtherance of legitimate work-related topics. Snyder v. Med. Serv. Corp. of E. Wash., 98 Wash.App. 315, 324, 988 P.2d 1023 (1999), aff'd, 145 Wash.2d 233, 35 P.3d 1158 (2001). The record does not support Terrell's reliance on the argument that the challenged behavior was work-related. See Bishop, 77 Wash.App. at 234, 889 P.2d 959 (no negligent infliction of emotional distress for employer's decisions in handling dispute between employees).
¶ 29 Terrell's conduct regarding Strong's personal life was not a workplace dispute, although it occurred in the workplace. Strong's allegations that Terrell assaulted her by spitting on her and threatening a battery on her sufficiently demonstrate that disputed issues of material fact remain to be decided by a jury. The trial court erred in granting Terrell summary judgment on the negligent infliction of emotional distress claim.
¶ 30 We note that the jury may well determine that Terrell's conduct, including blonde jokes and routing the building phone to an automatic answering machine after normal business hours, is insufficient to establish negligent infliction of emotional distress, but that is a decision for the jury and beyond our review. Hunsley, 87 Wash.2d at 437, 553 P.2d 1096. We hold only that the record demonstrates material issues of disputed fact sufficient to preclude deciding this issue as a matter of law.

Constitutional Claim Under 42 U.S.C. § 1983
¶ 31 Strong argues that Terrell's actions deprived her of her constitutionally implied right to a reasonably safe and secure workplace and her constitutional and statutory rights to seek employment under 42 U.S.C. § 1983.
¶ 32 But Strong has failed to identify a violation of an existing constitutional right. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986). In Collins v. City of Harker Heights, 503 U.S. 115, 126, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992), the high court held that there was no constitutional injury under § 1983 solely from an employer's failure to provide a safe workplace. And our court earlier stated that "courts cannot guarantee a stress-free workplace." Bishop, 77 Wash. App. at 234, 889 P.2d 959. In addition, verbal harassment alone is insufficient to establish a § 1983 claim. Oltarzewski v. Ruggiero, 830 F.2d 136, 139 (9th Cir.1987). Strong failed to support her civil rights claim and the trial court's grant of summary judgment on this claim was proper.

Failure to Follow the Union's Collective Bargaining Agreement
¶ 33 Terrell did not cross-appeal. Nevertheless, without citing any authority, he attempts to argue that Strong's claims are barred because she failed to exhaust her remedies under the collective bargaining agreement between the District and the union. We disagree.
¶ 34 Strong did not initiate a contract grievance or complaint against the District under the collective bargaining agreement before filing her suit. Instead, she sued Terrell individually in tort. The right to be free from a tort is an independent right unrelated to an underlying contractual agreement or civil service law. Accordingly, Strong was not required to exhaust her contractual or administrative remedies with the District or the union. Smith v. Bates Technical Coll., 139 Wash.2d 793, 809, 991 P.2d 1135 (2000); Wilson v. City of Monroe, 88 Wash.App. 113, 117, 943 P.2d 1134 (1997), review denied, 134 Wash.2d 1028, 958 P.2d 318 (1998). Strong's tort claims were independent of her contractual or administrative remedies and she had no duty to exhaust *985 contractual or administrative remedies with the District or the union.
¶ 35 In conclusion, the trial court erred when it noted that it would have dismissed Strong's first claim against Terrell because, under former RCW 4.96.020, the notice of claim statute did not apply to individual defendants such as Terrell. But we agree with the trial court that Strong failed to establish material issues of disputed fact on her intentional infliction of emotional distress and civil rights claims. Thus, we affirm the trial court's order granting Terrell summary judgment on those claims. But because Strong's allegations related to negligent infliction of emotional distress raise disputed issues of material fact, the trial court erred when it granted Terrell summary judgment on that claim. Accordingly, we affirm the trial court's summary judgment on the civil rights and intentional infliction of emotional distress claims but we remand for trial on the negligent infliction of emotional distress claim.
We concur: ARMSTRONG, J., and VAN DEREN, C.J.
NOTES
[1] Strong did not file any claims against the District.
[2] Upon further investigation, Fromhold recommended Terrell's termination. In lieu of termination, Terrell resigned. Strong's assertion on appeal that the District terminated Terrell is not supported by the record. But contrary to Terrell's assertion that he freely chose to resign, the record contains a copy of his resignation letter, as well as Fromhold's recommendation to terminate his employment.
[3] Other than adding parties, Strong's second claim was identical to her first claim. Wright and Larson had previously filed their own separate, but identical, complaint against Terrell, Fromhold, and the District. That case was later dismissed and appealed. Wright and the union filed a complaint in June 2003, and later amended it to add Larson as a plaintiff. Wright v. Terrell, 135 Wash.App. 722, 726, 145 P.3d 1230 (2006), rev'd, 162 Wash.2d 192, 170 P.3d 570 (2007). Wright moved to amend the complaint a second time to add Strong as a plaintiff; the trial court denied this request. Strong then filed her own claim, which is the subject of this appeal.
[4] In response to the Bosteder decision, the legislature amended former RCW 4.96.020 to provide that claims against individual government employees are subject to the claims filing statute. Wright, 162 Wash.2d at 195 n. 1, 170 P.3d 570 (citing Laws of 2006, ch. 82, § 3). The amendments apply to claims filed after the effective date of the amendment, June 7, 2006.
[5] Strong did not allege that Terrell sexually harassed her or that his conduct created a hostile working environment. The majority of her claims related to Terrell's method and style of supervision.
[6] "Outrage" and "intentional infliction of emotional distress" are synonyms for the same tort. Kloepfel v. Bokor, 149 Wash.2d 192, 193 n. 1, 66 P.3d 630 (2003) (citing Snyder v. Med. Serv. Corp. of E. Wash., 145 Wash.2d 233, 250, 35 P.3d 1158 (2001) (applying elements of outrage to claim for intentional infliction of emotional distress)).
[7] Strong's allegation that Terrell disconnected the telephone in the print shop when she was working nights is without merit because Strong conceded in her deposition that she never checked to see if the phone actually worked.