**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CHRISTIAN BEHREND DOSCHER, | No. 11-35192 |
| Plaintiff - Appellant, | D.C. No. 3:10-cv-05545-RBL |
| v. | |
| SWIFT TRANSPORTATION, | MEMORANDUM[*] |
| Defendant - Appellee. | |

Appeal from the United States District Court
for the Western District of Washington
Ronald B. Leighton, District Judge, Presiding

Submitted November 13, 2012[**]

Before:    CANBY, TROTT, and W. FLETCHER, Circuit Judges.

Christian Behrend Doscher appeals pro se from the district court's summary

judgment in his diversity action arising from his employment with Swift

Transportation.  We have jurisdiction under 28 U.S.C. § 1291.  We review de

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

novo, and may affirm on any ground supported by the record. *Enlow v. Salem-Keizer Yellow Cab Co.*, 389 F.3d 802, 811 (9th Cir. 2004). We affirm in part and dismiss in part.

The district court properly granted summary judgment on the claim alleging wrongful constructive discharge in violation of public policy because Doscher failed to raise a genuine dispute of material fact that there is a "clear mandate of public policy" that a load be weighed before a driver leaves a shipper. *Hubbard v. Spokane County*, 50 P.3d 602, 606 (Wash. 2002) ("[C]ourts should proceed cautiously if called upon to declare public policy *absent some* prior legislative or judicial expression on the subject." (citation and internal quotation marks omitted)); *see also Snyder v. Med. Serv. Corp. of E. Wash.*, 35 P.3d 1158, 1161 (Wash. 2001) (constructive discharge is not a separate cause of action).

The district court properly granted summary judgment on the claim alleging breach of promise of specific treatment because Doscher failed to raise a triable dispute that Swift's alleged promise to send him only to shippers with scales was in an "employee manual . . . or similar document." *Korslund v. DynCorp Tri-Cities Servs., Inc.*, 125 P.3d 119, 128 (Wash. 2005).

Summary judgment was proper on the failure-to-accommodate claim because Doscher failed to raise a triable dispute that the requested accommodation

was "medically necessary." *Riehl v. Foodmaker, Inc.*, 94 P.3d 930, 934 (Wash. 2004).

The district court properly granted summary judgment on the fraud claim because Doscher failed to raise a triable dispute that Swift misrepresented an existing fact or did not intend to attempt to keep its alleged promise. *See Blanton v. Mobil Oil Corp.*, 721 F.2d 1207, 1218 (9th Cir. 1983) ("Under Washington law, promissory fraud only exists when a promise is made with 'a present intent not to attempt the future fulfillment of the promise[ ].'" (citation omitted)); *Stiley v. Block*, 925 P.2d 194, 204 (Wash. 1996) (elements of fraud).

The district court properly granted summary judgment on the negligence and negligent infliction of emotional distress claims because Doscher failed to raise a triable dispute that Swift owed him a duty to ensure that he could weigh his load before leaving a shipper. *See Strong v. Terrell*, 195 P.3d 977, 982 (Wash. Ct. App. 2008) (elements of negligent infliction of emotional distress); *Kennedy v. Sea-Land Serv., Inc.*, 816 P.2d 75, 84 (Wash. Ct. App. 1991) (elements of negligence).

The district court properly granted summary judgment on the outrage claim because Doscher failed to raise a triable dispute that Swift's conduct was "extreme and outrageous." *Strong*, 195 P.3d at 981 (elements of outrage).

The district court properly granted summary judgment on the defamation claim because Doscher failed to raise a triable dispute as to the required elements. *See Mohr v. Grant*, 108 P.3d 768, 773 (Wash. 2005) (elements of defamation).

Contrary to Doscher's contention, the district court did not err by sua sponte granting summary judgment to Swift after Doscher moved for summary judgment. *See Bird v. Glacier Electric Coop., Inc.*, 255 F.3d 1136, 1152 (9th Cir. 2001) ("[A] court has power *sua sponte* to grant summary judgment to a non-movant when there has been a summary judgment motion by one party and no cross-motion.").

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

We lack jurisdiction to review the district court's order denying Doscher's motion for reconsideration, and therefore dismiss that portion of the appeal. *See* Fed. R. App. P. 4(a)(4)(B)(ii) (appellant must file a notice of appeal or amend a previously filed notice of appeal to secure review of a post-judgment order).

Doscher's motion to strike Swift's response to his citation of supplemental authorities and request to strike Swift's opposition to summary judgment and appendices are denied.

**AFFIRMED in part; DISMISSED in part.**

11-35192