
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GASTON CORNU-LABAT,

          Plaintiff - Appellant,

  v.

MEHDI MERRED, an individual;
THOMAS CLARK; ERIC BAKKE,
individually and in his official capacities
as a police officer; CITY OF QUINCY;
GRANT COUNTY SHERIFFS OFFICE;
GRANT COUNTY,

          Defendants - Appellees.

No. 13-35158

D.C. No. 2:11-cv-00080-EFS

MEMORANDUM[*]

Appeal from the United States District Court
for the Eastern District of Washington
Edward F. Shea, Senior District Judge, Presiding

Argued and Submitted June 6, 2014
Seattle, Washington

Before: McKEOWN and WATFORD, Circuit Judges, and ROTHSTEIN, Senior
District Judge.[**]

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Barbara Jacobs Rothstein, Senior District Judge for the
U.S. District Court for the Western District of Washington, sitting by designation.

Gaston Cornu-Labat appeals the district court's summary judgment in favor of Mehdi Merred, police officers Eric Bakke and Thomas Clark, the City of Quincy, and Grant County. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

Cornu-Labat's claims of outrage, defamation, and false light against Merred fail because Merred is immune from civil liability under Washington's anti-SLAPP statute, Wash. Rev. Code Ann. ("RCW") § 4.24.510. Merred's calls to law enforcement and school employees were "reasonably of concern" to both, for law enforcement to enforce the protection order and for the school to ensure the safety of its students. RCW § 4.24.510; *see Bailey v. State*, 191 P.3d 1285, 1287 (Wash. Ct. App. 2008). Washington law does not require good faith on the part of Merred to receive this statutory protection. *See Phoenix Trading, Inc. v. Loops LLC*, 732 F.3d 936, 942 (9th Cir. 2013) (providing that RCW § 4.24.510 does not include a good faith requirement); *Bailey*, 191 P.3d at 1290–91 (holding that the good faith reference in the anti-SLAPP statute's purpose section is trumped by the statute's more specific provision setting out requirements for receiving immunity).

Cornu-Labat's claims against Officers Bakke and Clark and the City of Quincy under 42 U.S.C. § 1983, based on an alleged Fourth Amendment violation, and for false arrest, false imprisonment, malicious prosecution, and negligence,

2

also fall short.  The officers had probable cause to arrest Cornu-Labat.  They relied on "reasonably trustworthy information"—the 911 dispatcher's description, the Spillman computer report of the protection order, and their in-person conversation with Alexa Merred—"sufficient to warrant a prudent person in believing" that Cornu-Labat had violated the protection order.  *Rohde v. City of Roseburg*, 137 F.3d 1142, 1144 (9th Cir. 1998) (internal quotation marks omitted).  Probable cause defeats Cornu-Labat's § 1983, false arrest, false imprisonment, and malicious prosecution claims.[1]  *See id.* at 1143–44 (requiring a lack of probable cause to determine that a false arrest occurred under § 1983); *Hanson v. City of Snohomish*, 852 P.2d 295, 298, 301 (Wash. 1993) (recognizing that probable cause is a complete defense to claims of malicious prosecution, false arrest, and false imprisonment under Washington law).  Cornu-Labat also fails to raise a genuine issue of material fact as to whether the City of Quincy had a "policy or custom" that served as the "moving force" behind an alleged Fourth Amendment violation. *Monell v. Dep't of Soc. Servc. of City of New York*, 436 U.S. 658, 694 (1978).

Cornu-Labat's § 1983 and negligence claims against Grant County fare no better.  Because the police officers had probable cause to arrest Cornu-Labat, he

---

[1] Because of our probable cause determination, we need not reach the question of whether the officers had qualified immunity.

was not deprived of any constitutional right due to Grant County's actions or customs, nor was Grant County an "integral participant" in committing the alleged violation. *See Mabe v. San Bernardino Cnty., Dep't of Public Soc. Servc.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001); *Hopkins v. Bonvicino*, 573 F.3d 752, 769–70 (9th Cir. 2009) (internal quotation marks omitted). Given that probable cause for the arrest existed, the record does not support Cornu-Labat's assertion that Grant County's use of the Spillman computer system was the "but for" or legal cause of his arrest. *See Joyce v. State, Dep't of Corr.*, 119 P.3d 825, 833–34 (Wash. 2005).

Cornu-Labat's defamation claim fails to identify a provably false statement or publication made by Grant County, the City of Quincy, or Officers Bakke and Clark. *See Duc Tan v. Le*, 300 P.3d 356, 363 (Wash. 2013). As with defamation, "false light claims require a showing of falsity and knowledge of, or reckless disregard for that falsity." *Corey v. Pierce Cnty.*, 225 P.3d 367, 373 (Wash. 2010). Thus both claims fall together.

Finally, Cornu-Labat argues that a jury must decide whether the defendants' actions were outrageous. Although the elements of outrage "are generally factual questions for the jury," a district court may grant summary judgment if "reasonable minds could [not] differ on whether the conduct was sufficiently extreme to result in liability." *Strong v. Terrell*, 195 P.3d 977, 981–82 (Wash. Ct. App. 2008).

Grant County's use of a pre-set field for inputting temporary protection order information into the National Crime Center Information database and the officers' use of that database did not exceed "all possible bounds of decency." *Grimsby v. Samson*, 530 P.2d 291, 295 (Wash. 1975).

**AFFIRMED.**