IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| ABDUR RASHID KHALIF, (F/K/A), NORMAN CALVIN ROUSE | ) ) | No. 38045-9-III |
| | ) | |
| Appellant, | ) | |
| | ) | UNPUBLISHED OPINION |
| v. | ) | |
| | ) | |
| MICHAEL MCKENZIE, VERONICA WALL, GARY PIERCE, | ) ) | |
| | ) | |
| Respondents. | ) | |

FEARING, C.J. — Abdur Rashid Khalif, an inmate in the custody of the

Washington Department of Corrections (DOC), filed suit for outrage, or intentional

infliction of emotional distress, against DOC employees Michael McKenzie, Gary Pierce,

and Veronica Wall. Khalif appeals the superior court's grant of summary judgment to

the employees. Because Khalif fails to present admissible facts supporting a claim of

intentional infliction of emotional distress, we affirm.

FACTS

We borrow the facts from declarations filed by all parties in support of cross

motions for summary judgment. Summary judgment principles demand that we view the

facts in the light favorable to appellant Abdur Rashid Khalif when reviewing the grant of the defendants' motions.

On August 8, 2018, offender Abdur Rashid Khalif was on the upper tier of a unit in the Washington State Penitentiary for his work assignment as a recycling porter. Although correctional facility policy prohibited an incarcerated individual from loitering on a tier different from his assigned cell tier, a porter may be on a different tier in performance of a work assignment. Because he believed Khalif and another incarcerated individual to be violating policy, DOC Officer Michael McKenzie ordered them off the upper tier. Khalif declined to return to his cell. Officer McKenzie issued an infraction to Khalif for the latter's failing to obey his direction.

In his declaration, Abdur Rashid Khalif writes that Michael McKenzie knew that he wrote a false report that would lead to discipline. Khalif does not disclose the basis for his knowing that McKenzie intentionally wrote a false report. In his declaration, McKenzie insists that he did not know that Khalif worked as a porter.

Abdur Rashid Khalif challenged the infraction issued by Michael McKenzie. DOC Hearing Officer Gary Pierce conducted a hearing on the challenge. Khalif declined to attend the hearing. Pierce found Khalif guilty as charged. As punishment for disobeying Michael McKenzie, the Washington State Penitentiary placed Abdur Rashid Khalif in administrative segregation for fifteen days and removed his privileges for thirty days.

2

Abdur Rashid Khalif appealed Hearing Officer Gary Pierce's ruling to a superintendent. The superintendent reversed the discipline based on "[n]ew evidence." Clerk's Papers (CP) at 80. The written ruling did not identify the new evidence or explain why that evidence had not been presented to Hearing Officer Pierce.

On October 16, 2018, DOC Officer Veronica Wall issued Abdur Rashid Khalif an infraction for refusing to participate in a picture-board count, during which all incarcerated individuals must stand in front of their cell with identification for correctional officer verification. Wall claimed Khalif refused to stand in the front of his cell and confirm his identity. After a challenge to the infraction by Khalif, Hearing Officer Mark Knighton found Khalif not guilty. According to Knighton, Officer Wall "got the cell confused." CP at 23.

PROCEDURE

Abdur Rashid Khalif filed suit against defendants Michael McKenzie, Gary Pierce, and Veronica Wall for intentional infliction of emotional distress. Khalif then brought a motion for summary judgment, contending that, under the undisputed facts, the respondents were liable. The defendants brought a countering summary judgment motion. The superior court granted McKenzie, Pierce, and Wall's motion. The court reasoned that the alleged conduct of the DOC officers did not rise to the level of outrageousness.

3

No. 38045-9-III
*Khalif v. McKenzie*

LAW AND ANALYSIS

Abdur Rashid Khalif appeals the superior court's granting of summary judgment in favor of Michael McKenzie, Gary Pierce, and Veronica Wall. He does not appeal the court's denial of his summary judgment motion.

We review a lower court's grant of summary judgment de novo. *Sutton v. Tacoma School Dist. No. 10*, 180 Wn. App. 859, 864, 324 P.3d 763 (2014). In reviewing summary judgment, all evidence must be reviewed in the light most favorable to the nonmoving party, and all reasonable inferences must be drawn in the same party's favor. *Sutton v. Tacoma School District No. 10*, 180 Wn. App. 859, 864 (2014). Absent a genuine issue of material fact, the court should grant summary judgment against the nonmoving party. *Sutton v. Tacoma School District No. 10*, 180 Wn. App. 859, 864 (2014). A genuine issue of material fact exists when reasonable minds could differ on the facts controlling the outcome of the litigation. *Ranger Insurance Co. v. Pierce County*, 164 Wn.2d 545, 552, 192 P.3d 886 (2008).

To recover on his claim for intentional infliction of emotional distress, Abdur Rashid Khalif must prove three elements: (1) extreme and outrageous conduct, (2) intentional or reckless infliction of emotional distress, and (3) consequential severe emotional distress. *Kloepfel v. Bokor*, 149 Wn.2d 192, 196, 66 P.3d 630 (2003). We focus on element one of the tort.

4

Extreme and outrageous conduct may not include simple insults, annoyances or trivialities, but instead must go beyond all possible bounds of decency and be regarded as atrocious, and utterly intolerable in a civilized community. *Kloepfel v. Bokor*, 149 Wn.2d 192, 196 (2003); *Grimsby v. Samson*, 85 Wn.2d 52, 59, 530 P.2d 291 (1975) (plurality opinion). Extreme and outrageous conduct must be conduct that the recitation of the facts to an average member of the community would arouse his or her resentment against the actor and lead him to exclaim "'Outrageous!'" *Kloepfel v. Bokor*, 149 Wn.2d 192, 196 (2003). Liability exists only when the conduct has been so outrageous in character and extreme in degree as to go beyond all possible bounds of decency and to be regarded as atrocious and utterly intolerable in a civilized community. *Grimsby v. Samson*, 85 Wn.2d 52, 59 (1975) (plurality); *Christian v. Tohmeh*, 191 Wn. App. 709, 736, 366 P.3d 16 (2015).

Generally, the elements of a claim for intentional infliction of emotional distress are questions of fact. *Strong v. Terrell*, 147 Wn. App. 376, 385, 195 P.3d 977 (2008). On summary judgment, however, a trial court must make an initial determination as to whether the conduct may reasonably be regarded as so extreme and outrageous as to warrant a factual determination by the jury. *Christian v. Tohmeh*, 191 Wn. App. 709, 736 (2015). No case suggests that the standard to defeat a summary judgment motion is harsher for plaintiffs asserting outrage claims than plaintiffs in other tort suits. Nevertheless, Washington courts, like other courts, have considered themselves

5

gatekeepers for purposes of allowing a jury to decide claims of intentional infliction of emotional distress. *Christian v. Tohmeh*, 191 Wn. App. 709, 736 (2015). The trial court, and in turn, the appeals court, renders an initial screening to determine whether the defendant's conduct and mental state, together with the plaintiff's mental distress, rise to the level necessary to make out a prima facie case. *Christian v. Tohmeh*, 191 Wn. App. 709, 736 (2015). The requirement of outrageousness is not an easy one to meet. *Christian v. Tohmeh*, 191 Wn. App. 709, 736 (2015). *Ortberg v. Goldman Sachs Group*, 64 A.3d 158, 163 (D.C. 2013). The level of outrageousness required is extremely high. *Christian v. Tohmeh*, 191 Wn. App. 709, 736 (2015); *Reigel v. SavaSeniorCare L.L.C.*, 292 P.3d 977, 990 (Colo. Ct. App. 2011).

No Washington decision addresses an intentional infliction of emotional distress claim brought by an incarcerated individual against correctional officers. Because Abdur Rashid Khalif highlights being placed in administrative segregation we mention a United States Supreme Court decision that addressed solitary confinement in the setting of a due process claim. In *Sandin v. Conner*, 515 U.S. 472, 486, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995), Cinda Sandin argued that correctional officers violated his due process right when they refused to allow him to call witnesses at an infraction hearing. The hearing resulted in Sandin's confinement to disciplinary segregation. The Supreme Court said Sandin lacked a liberty interest providing him procedural protections before his confinement to disciplinary segregation. In supporting this conclusion, the Court

determined that disciplinary confinement "did not present the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," and "does not present a dramatic departure" from the expected. *Sandin v. Conner*, 515 U.S. 472, 485-86 (1995).

If limited confinement to administrative segregation does not create a liberty interest and is sometimes part of the prison experience, the isolation of Abdur Rashid Khalif does not amount to extreme or outrageous behavior. We might rule that a question of fact existed as to outrageous conduct, if Khalif presented evidence that one or more of the DOC employees intentionally falsified records with the purpose of harming Khalif. Nevertheless, although Khalif presents evidence that DOC officers and one hearing officer mistakenly disciplined him, he presents no evidence that any officer did so knowingly.

Officer Veronica Wall, according to Hearing Officer Mark Knighton, was confused as to Abdur Rashid Khalif's cell. Khalif claims, in his declaration, that Michael McKenzie knowingly falsified charges, but he fails to disclose how he knows the state of McKenzie's mind. A witness may not testify to a matter unless evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter. ER 602. Under CR 56(e), summary judgment declarations must be based on personal knowledge. McKenzie testified he did not know Khalif worked as a recycle porter on the upper tier.

7

Abdur Rashid Khalif contends the superior court failed to recognize that the claimant may recover under the cause of action for intentional infliction of emotional distress by establishing reckless conduct, not only intentional conduct. Because he presents no facts to support outrageous conduct, this contention benefits him none.

CONCLUSION

We affirm the superior court's grant of summary judgment dismissing the lawsuit against Michael McKenzie, Gary Pierce, and Veronica Wall.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Fearing, C.J.

WE CONCUR:


_____
Lawrence-Berrey, J.

_____
Cooney, J.

8